UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA, acting through the United States Department of Agriculture<br><br>Plaintiff<br><br>v.<br><br>JORGE OCHOA BACALLAO, NANCY DEL RISCO DE OCHOA A/K/A NANCY DEL RISCO, and their conjugal partnership; DELFO OCHOA BACALLAO, ANGELINA VILLAVISANIS DE OCHOA A/K/A ANGELINA VILLA VISANIS DE OCHOA A/K/A ANGELINA VILLAVIANIS A/K/A ANGELINA VILLAVISANIS A/K/A ANGELINA VILLA VISANIS, and their conjugal partnership<br><br>Defendants | CIVIL NO.<br><br><br>Foreclosure of Mortgage |

**COMPLAINT**

TO THE HONORABLE COURT:

COMES NOW the United States of America -acting by the United States Department of Agriculture- through the undersigned attorney, who respectfully alleges and prays as follows:

1. Jurisdiction of this action is conferred on this Court by 28 U.S.C. Section 1345.

2. Plaintiff, USDA-FSA, through the Farm Service Agency, an agency of the United States of America organized and existing

under the provisions of the Consolidated Farm and Farm Service Agency Act, 7 U.S.C. §1921 et seq., is the owner and holder of one (1) promissory note that affects the three (3) properties described further below.

3.   The promissory mentioned above is for the amount of $246,600.00, with annual interest of 12 1/4%, subscribed on May 28, 1981. *See Exhibit 1 and 2*

4.   For the purpose of securing the payment of said promissory note, a voluntary mortgage was executed on the same date, in favor of the plaintiff, under the terms and conditions stipulated and agreed therein, through deed No. 102. This mortgage is duly recorded at the corresponding Property Registry. *See Exhibits 3, 4, 5, 6 and 7*

5.   The promissory note for $246,600.00, was modified, under the terms and conditions stipulated and agreed therein, through Deed No. 119, executed on August 14, 1986. This transaction is duly recorded at the corresponding Property Registry. *See Exhibits 5, 6, 7, 8 and 9*

6.   According to the Property Registry, the defendants herein appear as owners of record of the real estate properties subject of this case. Said properties are described -as they were recorded in Spanish- as follows:

(A)   RUSTICA: Remanente de terreno radicado en el barrio Garrochales de Arecibo, compuesto de 160.66 cuerdas, con

2

colindancias por el NORTE, con terrenos pertenecientes a Nebraska Consolidated Mills Company y con la carretera estatal #682; por el SUR, con terrenos del Pueblo de Puerto Rico; por el ESTE, con terrenos hoy de Aramis Acosta Ríos, Enrique Howe y Joaquín Rosa; y por el OESTE, con terrenos hoy de Carmelo Betancourt, Sucesión Patricio Maldonado, Sucesión Claudio Rojas, Pelegrín Terraza y el Pueblo de Puerto Rico.

Property 10,036, recorded at page 92 of volume 275, Property Registry of Arecibo, Puerto Rico, Section I.

*See Title Search attached as Exhibit 5*


(B) RÚSTICA: Radicada en el barrio Garrochales del término municipal de Arecibo, Puerto Rico, con una cabida de 60.41 cuerdas, equivalentes a 23 hectáreas, 74 áreas, 34 centiáreas y 86 miliáreas de terreno y en lindes por el NORTE, con Manuel Santos González y José Camerón Cintrón; por el SUR, Autoridad de Tierras de Puerto Rico; por el ESTE, con José Camerón Cintrón y Ciprián Martínez; y por el OESTE, con Mariano Carrión.

Property 16,288, recorded at page 66 of volume 411, Property Registry of Arecibo, Puerto Rico, Section I.

*See Title Search attached as Exhibit 6*


(A) RÚSTICA: Sita en el Barrio Garrochales del término municipal de Arecibo, compuesta de diez cuerdas, igual a tres hectáreas, treinta y nueve áreas y cuarenta centiáreas de terreno llano y quebrado a pastos y frutos. Linda al NORTE, con Mariano Carrión; al SUR, con Autoridad de Tierras de Puerto Rico; al ESTE y OESTE, con Manuel de los Santos.

Property 24,233, recorded at page 75 of volume 557, Property Registry of Arecibo, Puerto Rico, Section I.

*See Title Search attached as Exhibit 7*


7.  It was expressly stipulated in the notes evidencing the indebtedness that default in the payment of any part of the

covenant or agreement therein contained will authorize the USDA-FSA, and/or the United States Department of Agriculture, as payee of said notes, to declare due and payable the total amount of the indebtedness evidenced by said notes and proceed with the execution and/or foreclosure of the mortgages.

8.  The defendants herein, jointly and severally, have failed to comply with terms of the mortgage contracts by failing to pay the installments due on all notes until the present day, and that after declaring all the indebtedness of defendant due and payable, defendants owe to the USDA-FSA, according to the Certification of Indebtedness included herein as *Exhibit 10*, the following amounts:

   a) On the $246,600.00 Note, as modified:

      1) The sum of $325,200.54, of principal;

      2) The sum of $457,295.54, of interest accrued as of April 10, 2018, and thereafter until its full and total payment, which interest amount increases at the daily rate of $73.5042;

      3) Plus, insurance premium, taxes, advances, late charges, costs, court costs expenses, disbursements and attorney's fees guaranteed under the mortgage obligation.

9.  The indebtedness evidenced by the aforementioned note is secured by the mortgages over the properties described in

4

this complaint.

10. Codefendant JORGE OCHOA BACALLAO is not presently active in the military service for the United States. Plaintiff does not attach reports regarding whether co-defendants NANCY DEL RISCO DE OCHOA A/K/A NANCY DEL RISCO, DELFO OCHOA BACALLAO, ANGELINA VILLAVISANIS DE OCHOA A/K/A ANGELINA VILLA VISANIS DE OCHOA A/K/A ANGELINA VILLAVIANIS A/K/A ANGELINA VILLAVISANIS A/K/A ANGELINA VILLA VISANIS are in active military duty because plaintiff does not have the Social Security Numbers of said defendants. The platform that generates the reports for active military duty requires that any party seeking such information present the Social Security Number of the individual por which a S.C.R.A. report is requested. *See Exhibit 11.*

11. The real estate properties which are hereby being foreclosed are subject to the following liens in the rank indicated:

(A) Property 10,036:

1) Recorded liens with preference or priority over mortgage herein recorded:

-NONE.

2) Junior Liens with inferior rank or priority over mortgage herein executed:

a. MORTGAGE: Constituted by Jorge Ochoa Bacallao and his wife Nancy Del Risco De Ochoa; and Delfo Bacallao and his wife Angelina Villa

5

Visanis, over this and other properties, in favor of Central Soya Feed Company Inc., in the original principal amount of $687,000.00, responding this one for $480,000.00, with 7% annual interests, due on presentation, constituted by deed #242, executed in San Juan, Puerto Rico, on November 7, 1987, before Notary Héctor L. Torres Vilá, recorded at page 34 of volume 323 of Arecibo, property #10,036, 21th inscription.

b. LAWSUIT ANNOTATION: Executed in the First Instance Court of United States of América, District of Puerto Rico, civil case #94-2672 (SEC), by United States of América (Farms Home Administration), plaintiff, versus Jorge Ochoa Bacallao and his wife Nancy Del Risco De Ochoa; and Delfo Ochoa Bacallao and his wife Angelina Villa Visanis, defendant, in which the payments of the following mortgages are required; $325,200.54, $91,689.97 and $687,000.00, recorded at page 34 overleaf of volume 323 of Arecibo, October 2, 1997, Annotation B.

(B)   Property 16,288:

1) Recorded liens with preference or priority over mortgage herein recorded:

-NONE.

2) Junior Liens with inferior rank or priority over mortgage herein executed:

a. MORTGAGE: Constituted by Jorge Ochoa Bacallao and his wife Nancy Del Risco De Ochoa; and Delfo Bacallao and his wife Angelina Villa Visanis, (over this and other properties) in favor of Central Soya Feed Company Inc., in the original principal amount of $687,000.00, responding this one for $178,620.00, with 7% annual interests, due on presentation, constituted by deed #242, executed in San Juan, Puerto Rico, on November 7, 1987, before Notary

6

Héctor L. Torres Vilá, recorded at page 71 of volume 411 of Arecibo, property #16,288, 9th inscription.

b. LAWSUIT ANNOTATION: Executed in the First Instance of United States of América Court for the District of Puerto Rico, civil case # 94-2672, United States of América (Farmers Home Administration), plaintiff, versus Jorge Ochoa Bacallao and his wife Nancy Del Risco De Ochoa; and Delfo Ochoa Bacallao and his wife Angelina Villa Visanis, defendant, in which the payments of the following mortgages are required for the amounts of $325,200.54; $91,689.97 and $687,000.00, recorded at page 71 overleaf of volume 411 of Arecibo, property #16,288, October 2, 1997, annotation A.

(C) Property 24,233:

1) Recorded liens with preference or priority over mortgage herein recorded:

-NONE.

2) Junior Liens with inferior rank or priority over mortgage herein executed:

a. MORTGAGE: Constituted by Jorge Ochoa Bacallao and his wife Nancy Del Risco De Ochoa; and Delfo Ochoa Bacallao and his wife Angelina Villa Visanis, in favor of Central Soya Feed Company Inc., in the original principal amount of $687,000.00, with 7% annual interests, due on presentation, constituted by deed #242, executed in San Juan, Puerto Rico, on November 7, 1987, before Notary Héctor L. Torres Vilá, rectified by deed #428, issued in San Juan, on September 6, 1988 by the same Notary, recorded at page 79 overleaf of volume 557 of Arecibo, property #24,233, 10th inscription.

b. LAWSUIT ANNOTATION: Executed in the First Instance Court of United States of América for the District of Puerto Rico, civil case #94-2672-SEC, United States of América, plaintiff, versus Jorge Ochoa Bacallao and his wife Nancy Del Risco De Ochoa; and Delfo Ochoa Bacallao and his wife Angelina Villa

Visanis, defendant, in which the guaranteed payment, reduced to $325,200.54 of the mortgage in the 5th inscription is requested, recorded at page 170 overleaf of volume 848 of Arecibo, property number 24,233, October 2, 1997, annotation A.

## VERIFICATION

I, EDGAR MALDONADO MEDERO, of legal age, single, executive and resident of Toa Alta, Puerto Rico, in my capacity as Farm Loan Chief of the Farm Service Agency, San Juan, Puerto Rico, under the penalty of perjury, as permitted by Section 1746 of Title 28, United States Code, declare and certify:

1) My name and personal circumstances are stated above;

2) I subscribed this complaint as the legal and authorized representative of the plaintiff;

3) Plaintiff has a legitimate cause of action against the defendants above named which warrants the granting of relief requested in said complaint;

4) Defendants are a necessary and legitimate party to this action in view of the fact that they originated or assumed the mortgage obligation subject of this foreclosure, or bought the property subject to said mortgage;

5) From the information available to me and based upon the documents in the Farm Service Agency, it appears that defendants have not been declared incompetent by a court of justice with authority to make such a declaration;

6) I have carefully read the allegations contained in this

8

complaint and they are true and correct to the best of my knowledge and to the documents contained in the files of the Farm Service Agency;

7) I have carefully examined the Exhibits included to this complaint which are true and correct copies of the originals. The mortgage deeds have been duly recorded in the Property Registry.

I make the foregoing declaration under penalty of perjury, as permitted under Section 1746 of Title 28, United States Code.

In San Juan, Puerto Rico, this 8th day of February, 2019.

EDGAR MALDONADO MEDERO

PRAYER

WHEREFORE, the plaintiff demands judgment as follows:

a)   That defendant's party pays unto the United States the amounts claimed on this complaint;

b)   Or in default thereof that all legal right, title and interest which the defendants may have in the property described in this complaint and any building or improvement thereon be sold at public auction and that the monies due to the United States as alleged in the preceding paragraphs be paid out of the proceeds of said sale;

c)   That the defendants and all persons claiming or who may claim by, from or under them be absolutely barred and foreclosed

9

from all rights and equity of redemption in and to said property;

d)  That if the proceeds of such sale be insufficient to cover the amounts specified under paragraph 16 of this prayer, said defendant be adjudged to pay to the United States the total amount of money remaining unsatisfied to said paragraph (a) of this prayer, and execution be issued forthwith against said defendants for the payment of said deficiencies against any of the properties of said defendants;

e)  That if the proceeds of said sale exceed the sum of money to be paid to the United States as aforesaid, any such excess be deposited with the Clerk of this Court subject to further orders from the Court;

f)  That once the property is auctioned and sold, the Clerk of this Court issue a writ addressed to the Registry of the Property ordering the cancellation of the foreclosed mortgage and of any other junior liens recorded therein;

g)  For such further relief as in accordance with law and equity may be proper.

In Guaynabo, Puerto Rico, this 13 day of February        , 2019 .

/s/ Juan Carlos Fortuño Fas
JUAN CARLOS FORTUÑO FAS
USDCPR 211913

FORTUÑO & FORTUÑO FAS, C.S.P.
P.O. BOX 9300
SAN JUAN, PR 00908
TEL.  787-751-5290
FAX.  787-751-6155
Email: dcfilings@fortuno-law.com

10

EXHIBIT
1

(Rev. 11-1-78)

| | |
|---|---|
| **UNITED STATES DEPARTMENT OF AGRICULTURE**<br>**FARMERS HOME ADMINISTRATION**<br><br>**PROMISSORY NOTE** | **TYPE OF LOAN**<br>Type: __EE__<br>In accordance with:<br>☐ Consolidated Farm and Rural Development Act<br>☒ Emergency Agricultural Credit Adjustment Act of 1978 |

| Name | Jorge Ochoa Bacallao - Nancy del Risco<br>Delfo Ochoa Bacallao, Angelina Villavisanis | **ACTION REQUIRING NOTE:** | |
|---|---|---|---|
| | | ☒ Initial Loan | ☐ New Payment Plan |
| State | Puerto Rico | Office | Camuy |

| State | Puerto Rico | Office | Camuy | ☐ Subsequent Loan | ☐ Re-amortization |
|---|---|---|---|---|---|
| | | | | ☐ Consolidation and | ☐ Sale on Credit |
| Case Num. | 63-29-581440471 | Date | 5/28/81 | Subsequent Loan | ☐ Deferred Payments |
| | | | | ☐ Consolidation | |

**FOR VALUE RECEIVED**, the undersigned Borrower(s) and any other co-borrower jointly and severally promise to pay to the order of the United States of America, acting through the Farmers Home Administration, United States Department of Agriculture (hereinafter referred to as the "Government") or its representative, at its offices in Camuy , or at another location designated in writing by the Government, the principal sum of TWO HUNDRED FORTY-SIX THOUSAND SIX HUNDRED dollars ($246,600.00) plus interest on the unpaid principal to accrue at TWELVE AND ONE QUARTER PERCENT (12 1/4 %) per annum. If this promissory note is for a Limited Resources Loan (indicated in the box above, under the heading "Type of Loan"), the Government may **CHANGE THE INTEREST RATE**, in accordance with the Farmers Home Administration regulations, not more frequently than on a quarterly basis and shall notify Borrower at his most current address by mail with thirty (30) days' advance notice. The new interest rate shall not exceed the highest interest rate established by the Farmers Home Administration regulations for the type of loan indicated above.

Principal and interests shall be paid in __41__ installments, as stated below, unless modified by a different interest rate, on or before the following dates:

| | | | |
|---|---|---|---|
| $ 18,043.00 on January 1, 1982 . ; | | $ _____ on January 1, 19 | |
| $ _____ on January 1, 19 ; | | $ _____ on January 1, 19 | |
| $ _____ on January 1, 19 ; | | $ _____ on January 1, 19 | |
| $ _____ on January 1, 19 ; | | $ _____ on January 1, 19 | |
| $ _____ on January 1, 19 ; | | $ _____ on January 1, 19 | |

and $ 30,510.00 subsequently on January 1 each year thereafter until the principal and interests are fully paid, except for the final payment of the debt established herein, which, if not sooner paid, shall be due and payable 40 years from the date of this promissory note, with the exception that advance payments may be made as provided for below. The consideration herein shall support any agreement modifying the schedule of payments.

If the total amount of the loan is not advanced by the loan closing, the loan will be forwarded to Borrower, in accordance with Borrower's request and subject to approval by the Government. Approval by the Government shall be granted only when the loan is requested for purposes authorized by the Government. Interest will accrue on the amount of each advance beginning on the effective date of each, as shown in the Advance Payment Log at the end of this note. Borrower authorizes the Government to record the amount(s) and date(s) of any advance(s) in the Advance Payment Log.

For any promissory note that is re-amortized, consolidated or re-structured with a new payment plan, accumulated interest as of the date of this instrument will be added to the principal and this new principal will accrue interests at the rate established herein.

Any payment made on any debt established by this promissory note shall be applied first to interest accumulated as of the effective date of payment and then to the principal.

**Jay-CE-Agriculture.**          *Position 2*          FmHA Form 1940-17 (S)
                                                        (Rev. 11-1-78)

Payments in advance of scheduled installments, or any portion thereof, may be made at any time at the Borrower's convenience. Refunds and extra payments, as defined in the regulations (7 C.F.R. 1861.2) of the Farmers Home Administration, according to the source of the funds involved, shall, after payment of interest, be applied to the last installments to come due under this promissory note, and shall not affect Borrower's duty to pay the remaining installments as scheduled herein. If at any time the Government should assign this promissory note and insure payment of the same, the Borrower shall continue making payments to the Government as collecting agent of the holder

Whenever this note is held by an insured lender, advance payments made by Borrower may, at the Government's option, be transferred promptly by the Government to the holder or, except for the final payment, such payments may be retained by the Government and transferred to the holder based on the date the annual installment is due. The effective date of any payment made by the Borrower, except for payments retained and transferred by the Government to the holder based on the date of the annual installment is due, shall be the date of the United States Treasury check paid by the Government to the holder. The effective date of any advance payment retained and transferred by the Government to the holder based on the date the annual installment is due shall be the date of Borrower's advance payment and the Government shall pay the interest to which the holder is entitled, accruing between the effective date of any such advance payment and the date of the Treasury check paid to the holder.

Any amount forwarded or invested by the Government in order to collect on this promissory note or to preserve or protect the security of the loan or paid in any way under the terms of any security agreement or other instrument executed in relation to the loan established herein, shall, at the option of the Government, become part of the loan and shall accrue interest at the same rate as the principal of the debt established herein and shall be immediately due and payable by the Borrower to the Government without need for a formal request.

Property constructed, improved, purchased, or refinanced in whole or in part with the loan established herein shall not be leased, surrendered, sold, transferred, or encumbered, voluntarily or otherwise, without the previous written consent of the Government. Unless the Government gives written consent to the contrary, Borrower will personally manage said property as a farm if this is a Farm Owner (FO) loan.

If "Consolidation and Subsequent Loan," "Consolidation," "Re-amortization," or "New Payment Plan" is marked in the upper box of the first page titled "Action Requiring Note", this promissory note is granted to consolidate, re-amortize or as evidence of a new payment plan, but not to satisfy of the principal and interest of the following promissory note(s) or subrogation agreement(s) (new terms):

| AMOUNT OF NOTE | INTEREST RATE | DATE | ORIGINAL BORROWER | LAST INSTALLMENT DUE |
|---|---|---|---|---|
| $ | % | ,19 | | ,19 |
| $ | % | ,19 | | ,19 |
| $ | % | ,19 | | ,19 |
| $ | % | ,19 | | ,19 |
| $ | % | ,19 | | ,19 |
| $ | % | ,19 | | ,19 |
| $ | % | ,19 | | ,19 |

The security documents taken pertaining to the loans established by these promissory notes or other related obligations are not affected by the granting of this consolidation, re-amortization or new payment plan. These security instruments shall remain in effect and the security offered for the loans established by said promissory notes shall continue to guarantee the loan established by this promissory note and by any other related obligations.

**REFINANCING AGREEMENT**: If at any time the Government determines that Borrower may obtain a loan from a responsible cooperative or other private credit source at reasonable rates and terms for loans for similar purposes and time periods, Borrower shall, at the Government's request, apply for and accept a loan of a sufficient amount to pay this promissory note in full and, if the lender is a cooperative, to pay for any necessary shares.

**DEFAULT**: Failure to pay any debt established herein when due or violation of any condition or agreement hereunder shall constitute default under any other instrument establishing a debt of the Borrower insured or guaranteed by the Government or otherwise relating to such a debt; default under any other such instrument shall constitute default hereunder. **UPON ANY SUCH DEFAULT**, the Government, at its convenience, may declare all or any part of any such debt immediately due and payable.

This note is granted as evidence of a loan to Borrower made or insured by the Government, pursuant to the Consolidated Farm and Rural Development Act or the Emergency Agricultural Credit Adjustment Act of 1978 and for the type of loan indicated in the box titled **"TYPE OF LOAN"** above. This promissory note is subject to the present regulations of the Farmers Home Administration and to its future regulations not inconsistent with the stipulations expressed herein.

Presentation, protest, and notice are hereby expressly waived.

[Signature]
Delfo Ochoa Bacallao

[Signature]
Angelina Villavisanis

[Signature]
Jorge Ochoa Bacallao                         *(Borrower)*

[Signature]
Nancy del Risco                              *(Borrower)*

P.O. Box 98
Saint Just, P.R. 00750

| ADVANCE PAYMENT REGISTRY | | | | | |
|---|---|---|---|---|---|
| AMOUNT | DATE | AMOUNT | DATE | AMOUNT | DATE |
| $246,600 | 5/28/81 | $ | | $ | |
| $ | | $ | | $ | |
| $ | | $ | | $ | |
| $ | | $ | | $ | |
| | | | TOTAL | $246,600 | |

**Jay-CE-Agriculture.**                    *Position 2*                    **FmHA Form 1940-17 (S)**
**(Rev. 11-1-78)**

The amount of this promissory note and the mortgage guaranty, re-amortized on --August-- -fourteen- (14) of nineteen eighty-six (1986), with a principal balance owed of THREE HUNDRED TWENTY-FIVE THOUSAND TWO HUNDRED DOLLARS AND FIFTY-FOUR CENTS ($325,200.54), with interest at a rate of Twelve and One Quarter percent (12 1/4%) PER ANNUM, which shall accrue interest at the rate of EIGHT POINT TWENTY-FIVE PER CENT (8.25%) PER ANNUM and which shall be paid as follows: TEN THOUSAND TWO HUNDRED NINETY-ONE DOLLARS ($10,291.00) on or before the FIRST (1st) of JANUARY of nineteen eighty-seven (1987) and TWENTY-EIGHT THOUSAND SEVEN HUNDRED SEVENTY-FOUR DOLLARS ($28,774.00), on or before each FIRST (1st) of January subsequent except the final payment of the debt herein assumed shall be made on or before August fourteen of 2020, according to deed number One Hundred Nineteen (119) granted in Ciales, Puerto Rico, on this same day and before the notary José Oscar San Miguel.

In Ciales, Puerto Rico, on August 14, 1986.

       [Seal]

[Signature]

JOSE OSCAR SAN MIGUEL

NOTARY PUBLIC

[Handwritten]

Recorded on page 30th, 67[nd] and 76th of the books 323, 411 and 557 of Arecibo, 6th, 4th and 5th recordings, farm # 10,036, 16,288 and 24,233. Subject to the mortgage established by this document. Arecibo, June 2, 1981.

No fees.                        Registar

[Signatures]

[Seals]

## Statement of Accuracy

I hereby certify that the attached documents: Promissory Note; Re-amortization of Mortgage Loan and Mortgage Modification, Number One Hundred Nineteen (119); and Voluntary Mortgage No. 2, involving the parties Jorge Ochoa Bacallao - Nancy del Risco, Delfo Ochoa Bacallao, Angelina Villavisanis (22 pages), are true and accurate translations from Spanish into English to the best of my knowledge, ability and belief. I am trained, experienced and competent to translate from Spanish into English.

DATED this 30th day of July of 2018.

_____
Thomas L. Bransfield
Professional Translation Spanish into English

WITNESS my hand and official seal hereto affixed this 30th day of July of 2018.

```
NOTARY PUBLIC
STATE OF WASHINGTON
ROSA CAPDEVIELLE
My Appointment Expires March 15, 2022
```

Signature

Print Name: __Rosa Capdevielle_____.
Notary Public in and for the State of __WA_____.
My appointment expires: ___March 15th 2022_____.

(Rev. 11-1-78)

**DEPARTAMENTO DE AGRICULTURA DE ESTADOS UNIDOS**
**ADMINISTRACION DE HOGARES DE AGRICULTORES**

**PAGARE**

| CLASE DE . *AMO |
|---|
| Tipo: _____ EE |
| De acuerdo a: |
| ☐ Consolidated Farm & Rural Development Act |
| ☒☐ Emergency Agricultural Credit Adjustment Act of 1978 |

| Nombre | Jorge Ochoa Bacallao-Nancy del Risco Delfo Ochoa Bacallao,Angelina Villavisanis |
|---|---|

| **ACCION QUE REQUIERE PAGARE:** |
|---|

| Estado Puerto Rico | Oficina Camuy |
|---|---|
| Caso Núm. 63-29-581440471 | Fecha 5/28/81 |

| ☐ Préstamo Inicial | ☐ Nuevo Plan de Pago |
|---|---|
| ☐ Préstamo Subsiguiente | ☐ Reamortización |
| ☐ Consolidación y préstamo subsiguiente | ☐ Venta a Crédito |
| ☐ Consolidación | ☐ Pago Diferido |

EXHIBIT 2

POR VALOR RECIBIDO, el Prestatario(s) subscribiente y cualquier otro co-deudor mancomunada y solidariamente pagaremos a la orden de Estados Unidos de América, actuando por conducto de la Administración de Hogares de Agricultores del Departamento de Agricultura de los Estados Unidos (denominado en adelante el "Gobierno") o su cesionario en su oficina en _____ Camuy _____

o en otro sitio designado por el Gobierno por escrito, la suma principal de _____ DOSCIENTOS CUARENTA Y SEIS MIL SEISCIENTOS CON 00/100 _____ dólares ($ _246,600.00_ ) más intereses sobre el principal adeudado al

_____ DOCE Y CUARTO _____ POR CIENTO (12 1/4 %) anual. Si este pagaré

es para un préstamo de Recursos Limitados (indicado en el encasillado superior "Clase de Préstamo"), el Gobierno puede **CAMBIAR EL PORCIENTO DE INTERES**, de acuerdo con los reglamentos de la Administración de Hogares de Agricultores, no más frecuente que trimestralmente, notificando por correo al Prestatario con treinta (30) días de anticipación a su última dirección. El nuevo tipo de interés no deberá exceder el porciento de interés más alto establecido en los reglamentos de la Administración de Hogares de Agricultores para el tipo de préstamo arriba indicado.

Principal e intereses serán pagados en _____ 41 _____ plazos, según indicado abajo, excepto si es modificado por un tipo de interés diferente, en o antes de las siguientes fechas:

| | | | |
|---|---|---|---|
| $ 18,043.00 _____ | en enero 1, 1982; | $ _____ | en enero 1, 19 ; |
| $ _____ | en enero 1, 19 ; | $ _____ | en enero 1, 19 ; |
| $ _____ | en enero 1, 19 ; | $ _____ | en enero 1, 19 ; |
| $ _____ | en enero 1, 19 ; | $ _____ | en enero 1, 19 ; |
| y $ 30,510.00 _____ | | $ _____ | en enero 1, 19 ; |

, subsiguientemente en enero 1 de cada año hasta que el principal e intereses sean completamente pagados excepto que el plazo final de la deuda aquí evidenciada, de no ser pagada anteriormente, vencerá y será pagadero en _____ 40 _____ años de la fecha de este pagaré y excepto que se podrán hacer pagos adelantados según se provee más abajo. La consideración aquí envuelta respaldará cualquier convenio modificando el plan de pagos.

Si la cantidad total del préstamo no es adelantada a la fecha del cierre, el préstamo será adelantado al Prestatario según solicitado por el Prestatario y aprobado por el Gobierno. La aprobación del Gobierno será dada siempre y cuando el adelanto es solicitado para un propósito autorizado por el Gobierno. Se acumularán intereses por la cantidad de cada adelanto desde su fecha actual como se demuestra en el Registro de Adelantos en el final de este pagaré. El Prestatario autoriza al Gobierno a anotar la(s) cantidad(es) y fecha(s) de tal(es) adelanto(s) en el Registro de Adelantos.

En cada pagaré reamortizado o consolidado, o con un nuevo plan de pago, los intereses acumulados a la fecha de este instrumento deberán ser sumados al principal y ese nuevo principal acumulará intereses a razón del porciento evidenciado por este instrumento.

Todo pago hecho en cualquier deuda representada por este pagaré será primero aplicado a intereses computados a la fecha efectiva del pago y después al principal.

Pagos adelantados de los plazos estipulados o cualquier parte de los mismos, podrán hacerse en cualquier tiempo a opción del Prestatario. Reembolsos y pagos extras, según se definen en los reglamentos (7 C.F.R. 1861.2) de la Administración de Hogares de Agricultores, de acuerdo con la fuente de los fondos envueltos, después de abonarse los intereses, se aplicarán a los últimos plazos a vencer bajo este pagaré y no afectarán la obligación del Prestatario de pagar los restantes plazos según se especifican en el mismo. Si el Gobierno en cualquier momento cediera este pagaré y asegura el pago del mismo, el prestatario continuará haciendo los pagos al Gobierno como agente cobrador del tenedor.

Mientras este pagaré esté en poder de un prestamista asegurado, los pagos adelantados hechos por el Prestatario podrán, a opción del Gobierno, ser remitidos por el Gobierno prontamente al tenedor o, a excepción del pago final, podrán ser retenidos por el Gobierno y remitidos al tenedor a base de plazo anual vencido. La fecha efectiva de todo pago hecho por el prestatario, excepto pagos retenidos y remitidos por el Gobierno al tenedor a base de plazo anual vencido será la fecha del cheque del Tesoro de los Estados Unidos mediante el cual el Gobierno remite el pago al tenedor. La fecha efectiva de cualquier pago adelantado retenido y remitido por el Gobierno al tenedor a base de plazo anual vencido, será la fecha del pago adelantado por el Prestatario y el Gobierno pagará los intereses a los cuales el tenedor tiene derecho que se devenguen entre la fecha efectiva de cualquiera de dichos pagos adelantados y la fecha del cheque del Tesoro remitido al tenedor.

Cualquier cantidad adelantada o invertida por el Gobierno para el cobro de este pagaré o para preservar o proteger la garantía del préstamo o de otra manera invertido bajo los términos de cualquier convenio de garantía u otro instrumento otorgado en relación con el préstamo aquí evidenciado, a opción del Gobierno pasará a ser parte del préstamo y devengará intereses al mismo tipo de interés que el principal de la deuda aquí evidenciada y vencerá y será pagadera inmediatamente por el Prestatario al Gobierno sin necesidad de requerimiento.

La propiedad construida, mejorada, comprada o refinanciada en total o en parte con el préstamo aquí evidenciado no será arrendada, cedida, vendida, transferida o gravada voluntariamente o de otra forma, sin el previo consentimiento por escrito del Gobierno. A menos que el Gobierno consienta lo contrario por escrito, el Prestatario operará personalmente dicha propiedad como una finca si este préstamo es a dueño de finca (FO).

Si una "Consolidación y un Préstamo Subsiguiente", "Consolidación", "Reamortización" o un "Nuevo Plan de Pago" es indicado en el encasillado superior de la primera página "Acción que Requiere Pagaré", este pagaré es otorgado para consolidar, reamortizar o evidenciar un nuevo plan de pago pero no en satisfacción del principal e intereses del siguiente pagaré(s) o convenio(s) de subrogación (nuevos términos):

| VALOR DEL PAGARE | INTERESES | FECHA | PRESTATARIO ORIGINAL | ULTIMO PLAZO A VENCER |
|---|---|---|---|---|
| $ | % | ,19 | | ,19 |
| $ | % | ,19 | | ,19 |
| $ | % | ,19 | | ,19 |
| $ | % | ,19 | | ,19 |
| $ | % | ,19 | | ,19 |
| $ | % | ,19 | | ,19 |
| $ | % | ,19 | | ,19 |

Los documentos de garantía tomados en relación con los préstamos evidenciados por estos pagarés descritos u otras obligaciones relacionadas no son afectadas por el otorgamiento de esta consolidación, reamortización o nuevo plan de pago. Estos instrumentos de garantía continuarán en efecto y la garantía ofrecida para los préstamos evidenciados por los pagarés descritos permanecerán como garantía para el préstamo evidenciado por este pagaré y por cualquier otra obligación relacionada.

CONVENIO DE REFINANCIAMIENTO: Si en cualquier tiempo el Gobierno determinare que el Prestatario puede obtener un préstamo de una cooperativa responsable u otra fuente de crédito privada a un tipo de interés y términos razonables para préstamos por tiempo y condiciones similares, el Prestatario, a requerimiento del Gobierno, solicitará y aceptará el préstamo en cantidad suficiente para satisfacer este pagaré en su totalidad y pagar las acciones necesarias si el prestamista es una cooperativa.

INCUMPLIMIENTO: La falta de pago a su vencimiento de cualquier deuda aquí evidenciada o el incumplimiento de cualquier condición o acuerdo bajo este documento constituirá incumplimiento bajo cualquier otro instrumento evidenciando una deuda del Prestatario asegurada o garantizada por el Gobierno o en cualquier otra forma relacionada con dicha deuda; el incumplimiento bajo cualquier otro instrumento constituirá incumplimiento bajo los términos de este documento. COMETIDO CUALQUIER INCUMPLIMIENTO, el Gobierno, a su opción, podrá declarar toda o parte de dicha deuda vencida y pagadera inmediatamente.

---El importe de este pagaré y la hipoteca que lo garantiza, reamortizado al -catorce- (14) de --agosto-- de mil novecientos ochenta y seis(1986) dió un saldo deudor montante a TRESCIENTOS VEINTICINCO MIL DOSCIENTOS DOLARES CON CINCUENTA Y CUATRO CENTAVOS ($325,200.54) con intereses a razón del Doce y un cuarto por ciento (12 1/4%) la cual devengará intereses a razón del OCHO PUNTO VEINTICINCO POR CIENTO (8.25%) ANUAL y la cual habrá de ser pagada en la siguiente forma:  DIEZ MIL DOSCIENTOS--- NOVENTA Y UN DOLARES ($10,291.00) en o antes del PRIMERO (1ro.) de ENERO de . mil novecientos ochenta y siete (1987) Y VEINTIOCHO MIL SETECIENTOS SETENTA Y CUATRO DOLARES ($28,774.00) en o antes del día PRIMERO (1ro.) de cada ENERO subsiguiente, excepto el pago final del total de la deuda aquí asumida se hará en o antes del día 14 de agosto de 2020, según la escritura Ciento diecinueve (119) otorgada en Ciales, Puerto Rico en esta misma fecha ante el notario José Oscar San Miguel.

---En Ciales, Puerto Rico a 14 de agosto de 1986.

JOSE OSCAR SAN MIGUEL
NOTARIO PUBLICO

Este Pagaré se otorga como evidencia de un préstamo al Prestatario concedido o asegurado por el Gobierno de conformidad con la Consolidated Farm and Rural Development Act o el Emergency Agricultural Credit Adjustment Act of 1978 y para el tipo de préstamo según indicado en el encasillado "**CLASE DE PRESTAMO**" más arriba. Este Pagaré está sujeto a los reglamentos presentes de la Administración de Hogares de Agricultores y a sus futuros reglamentos no inconsistentes con las estipulaciones aquí consignadas.

Presentación, protesto y aviso son por la presente expresamente renunciados.

Delfio Ochoa Bacallao

Jorge Ochoa Bacallao                                                      (Prestatario)

Angelina Villavisanis

Nancy del Risco                                                              (Prestatario)

P.O. Box 98

Saint Just, P. R. 00750

| REGISTRO DE ADELANTOS | | | | | |
|---|---|---|---|---|---|
| CANTIDAD | FECHA | CANTIDAD | FECHA | CANTIDAD | FECHA |
| $ 246,600 | 5/28/81 | $ | | $ | |
| $ | | $ | | $ | |
| $ | | $ | | $ | |
| $ | | $ | | $ | |
| | | | TOTAL | $ 246,600 | |

Jay-Ce-Agricultura                        *Posición 2*                    Forma FmHA 1940-17 (S)
                                                                                     (Rev. 11-1-78)



**Form FmHA 427-1 PR**
**10/77**

NUMBER ONE HUNDRED TWO

VOLUNTARY MORTGAGE

In Camuy, Puerto Rico, on May twenty-eight, nineteen eighty-one.

BEFORE ME

FRANCISCO J. ARRAIZA DONATE

Attorney and Notary Public for this island with residence in Arecibo, Puerto Rico, and offices in Camuy, Puerto Rico.

APPEAR

The persons named in paragraph TWELFTH of this mortgage, hereinafter referred to as "mortgagor," and whose personal information appears in said paragraph.

I do attest to personal knowledge of the appearing parties, as well as to their statements regarding their age, marital status, profession, and residence.

They assure me that they are in full enjoyment of their civil rights and the free administration of their property, and having, in my judgment, the necessary legal capacity to grant this voluntary mortgage, and do so freely,

[Seals]

THEY STATE

[Initials]

FIRST:  That the mortgagor is the owner of the farm or farms described in paragraph ELEVENTH of this mortgage, as well as all rights and interest in the same, hereinafter referred to as "the property".

SECOND: That the property mortgaged herein is subject to the liens specified in paragraph ELEVENTH herein.

THIRD: That the mortgagor is obligated to the United States of America, acting through the Farmers Home Administration, hereinafter referred to as the "mortgagee," in connection with a loan or loans evidenced by one or more promissory notes or subrogation agreements, hereinafter referred to as the "promissory note," be there one or more. The Government requires additional monthly payments of one twelfth of the contributions, assessments (taxes), insurance premiums and other charges that have been estimated against the mortgaged property.

FOURTH: It is understood that:

(One) The promissory note represents a loan or loans to the mortgagor in the principal amount specified therein, granted with the purpose and intention that the mortgagee may, at any time, surrender the note and insure the payment thereof pursuant to the Act of

Form FmHA 427-1 PR
10/77

nineteen sixty-one consolidating the Farmers Home Administration, or Title Five of the Housing Act of nineteen forty-nine, as amended.

(Two) When payment of the note is guaranteed by the mortgagee, it may be transferred from time to time, and each holder of said note shall in turn be the insured lender.

(Three) When payment of the note is insured by the mortgagee, the mortgagee will execute and deliver to the insured lender, along with the note, an insurance endorsement fully insuring the payment of the principal and interest of said promissory note.

(Four) At all times when payment of the note is insured by the mortgagee, the mortgagee, by agreement with the insured lender, shall determine in the insurance endorsement the specific portion of the interest payments on the note to be designated as the "annual charge."

(Five) As a condition of the insurance of the note's payment, the holder will surrender all rights and remedies against the mortgagor and any others in connection with said loan, as well as any benefit of this mortgage, and will accept instead the insurance benefits, and in the event that the mortgagor violates any agreement or stipulation contained herein, or in the promissory note, or in any other supplementary agreement, he shall sign the promissory note over to the mortgagee upon mortgagee's request.

(Six) Among other things, it is the purpose and intent of this mortgage that, whenever the promissory note is held by the mortgagee, or in the event the mortgagee transfers this mortgage without insuring the promissory note, this mortgage shall guarantee payment of the promissory note; but when the promissory note is held by an insured lender, this mortgage shall not guarantee payment of the note, nor shall it form any part of the debt represented thereby, but with respect to the note and said debt, it shall constitute an indemnity mortgage to insure the mortgagee against any loss under the insurance endorsement caused by any default by the mortgagor

**[Seals]**

**[Initials]**

FIFTH: That, in consideration of said loan and (a) whenever the promissory note is held by the mortgagee, or in the event that the mortgagee should transfer this mortgage without insuring the promissory note's payment and as a guarantee of the amount of the promissory note as specified in subparagraph (One) of paragraph NINTH, with interest at the stipulated rate and to ensure prompt payment of the promissory note, and any renewals or extensions thereof, and any agreements contained therein, (b) whenever the promissory note is held by an insured lender as guaranty for the amounts specified in subparagraph (Two) of paragraph NINTH, in order to guarantee compliance with the mortgagor's agreement to indemnify and hold harmless the mortgagee against losses under its insurance endorsement due to any default by the mortgagor, and (c) in any event and at all times whatsoever, as guaranty for the additional amounts specified in subparagraph (Three) of paragraph NINTH herein, and to insure mortgagor's compliance with each and every agreement and stipulation herein or in any supplementary agreement, mortgagor hereby executes a voluntary mortgage in favor of mortgagee for the property described in paragraph ELEVENTH below, together with all rights, interests, easements, inheritance rights, and attachments pertaining thereto; all income, credits, profits, revenues of same; all improvements or personal property thereto attaching, at present or in the future, or which are reasonably necessary for the use thereof; all waters, water rights, or shares in

said rights, as pertain to the farms or to all payments owed at any time to mortgagor by virtue of the sale, lease, transfer, conveyance, or total or partial expropriation of, or for damages to any part thereof, or interests on same, it being understood that this mortgage will continue in full force and effect until all amounts specified in paragraph NINTH, with interest before and after maturity, have been paid in full.  In case of foreclosure, the property shall be used for the payment of the principal, interest thereon before and after maturity, until these are fully paid; losses sustained by mortgagee as insurer of the note, taxes, insurance premiums, or any other disbursements or advances by mortgagee to the mortgagor with applicable interest until all costs and expenses, including mortgagee's attorneys' fees, are paid to mortgagee, along with all extensions and renewals of said obligations, with interest, and all other charges and additional amounts specified in paragraph NINTH of this document.

SIXTH: Mortgagor explicitly agrees to the following:

(One) To pay promptly to the mortgagee any debt herein guaranteed when due and to indemnify and hold mortgagee harmless against any loss under its insurance for payment of the promissory note due to any default by mortgagor. Whenever the note is held by an insured lender, mortgagor shall continue to make payments against said promissory note to mortgagee, as holder's collection agent.

(Two) To pay to mortgagee an initial fee for inspection and appraisal and any delinquency charges required now or in the future by Farmers Home Administration regulations.

[Seals]

(Three) Whenever the note is held by an insured lender, any amount due and unpaid under the terms of the promissory note, less the annual amount or charge, may be paid by mortgagee to the holder of the promissory note under the terms of the promissory note and of the insurance endorsement referenced in the above paragraph FOURTH on mortgagor's behalf.

[Initials]

Any amount due and unpaid under the terms of the promissory note, whether it is held by mortgagee or by the insured lender, may be applied to the promissory note by mortgagee, and shall thus constitute an advance made by mortgagee on mortgagor's behalf.

Any advance by mortgagee as described in this subparagraph shall bear interest at the annual rate of twelve and one quarter percent (12 1/4%), from the date on which payment was due until the date on which payment is made.

(Four) Whether or not the note is insured by mortgagee, any and all advances made by mortgagee for insurance premiums, repairs, liens, or other claims for the protection of the mortgaged property, or for taxes or assessments or other similar charges, due to mortgagor's failure to pay said charges, shall bear interest at the rate stipulated in the preceding subparagraph, from the date of said advances until they are paid by mortgagor.

(Five) All advances made by mortgagee described in this mortgage, with interest, shall be immediately due and payable by mortgagor to mortgagee without need for any notification at the place designated in the promissory note and shall be guaranteed by this mortgage. No advance by mortgagee shall relieve mortgagor from his breach of the payment agreement. Said advances, with interest, shall be repaid from the first payments received

from mortgagor. In the absence of such advances, all payments verified by mortgagor may be applied to the promissory note or to any other debt of the mortgagor guaranteed herein, in the order determined by mortgagee.

(Six) To use the amount of the loan indicated in the promissory note solely for purposes authorized by mortgagee.

(Seven) To pay, when due, the contributions, special taxes, liens, and charges encumbering the property or the rights or interests of mortgagor under the terms of this mortgage.

(Eight) To obtain and maintain insurance against fire and other hazards as required by mortgagee on all existing and future buildings on the property, as well as on all existing and future improvements to the property. The insurance against fire and other hazards shall be in the form, amount, and according to the terms and conditions approved by mortgagee.

(Nine) To maintain the property in good condition and to promptly verify all necessary repairs for the preservation of the property; to refrain from and not allow any deterioration of the property; to not remove or demolish any building or improvement on the property; nor cut or remove wood from the farm, nor remove nor permit to be removed gravel, sand, oil, gas, coal, or other minerals without mortgagee's consent, and to promptly carry out the repairs on the property that mortgagee may request from time to time. Mortgagor shall comply with soil conservation practices and farm and home management plans that mortgagee may prescribe from time to time.

[Seals]

(Ten) If this mortgage is granted for a loan to a farm owner as defined in Farmers Home Administration regulations, the mortgagor shall personally manage the property, on his own or through his family, as a farm and for no other purpose, and he shall not lease the farm, nor any part of it, unless mortgagee gives written consent for another method of operation or for leasing.

[Initials]

(Eleven) To submit information regarding income and expenses and any other information related to the management of the property in the form and manner required by mortgagee, and to comply with the laws, ordinances, and regulations affecting the property or its use.

(Twelve) Mortgagee, his agents, and his attorneys shall at all times have the right to inspect and examine the property for the purpose of ascertaining whether the security granted has been deteriorated or diminished, and if said inspection or examination reveals, in mortgagee's judgment, that the security is being deteriorated or diminished, this shall constitute a breach of this mortgage agreement by mortgagor.

(Thirteen) If any other person interferes with or contests mortgagor's rights of possession to the property, mortgagor shall immediately notify mortgagee of such action, and mortgagee may, at his option, implement the proceedings necessary to defend his interests, and any costs or expenditures incurred by mortgagee in said proceedings will be added to mortgagor's debt, and shall be guaranteed by this mortgage as additional credits under the mortgage clause regarding advances, expenditures and other payments.

(Fourteen) If at any time while this mortgage remains in effect mortgagor does abandon the property or voluntarily return it to mortgagee, mortgagee is hereby authorized and

empowered to take possession of the property, to lease and administer it, and to collect rents, benefits, and income deriving from same, and to apply these first to collection and administration costs and secondly to the payment of the debt established by the promissory note or any other debt to mortgagee herein guaranteed, in the order and manner determined by mortgagee.

(Fifteen) At any time that mortgagee determines that mortgagor may obtain a loan from a production credit association, from a Federal Bank, or another responsible source, whether cooperative or private, at an interest rate and on terms that are reasonable for loans of similar duration and purposes, then mortgagor, at mortgagee's request, will apply for and accept such a loan in an amount sufficient to pay the promissory note and any other debt guaranteed herein, and to pay for the necessary shares in the cooperative agency related to such a loan.

(Sixteen) Violation of any obligation guaranteed by this mortgage, or if mortgagor, or any other person included herein as a mortgagor, defaults in the payment of any amount, or violates or fails to comply with any clause, condition, stipulation, covenant, or agreement contained herein, or in any supplementary agreement, or if mortgagor dies or declares himself or is declared incompetent, bankrupt, or insolvent, or makes a transfer for the benefit of creditors, or if the property or any part thereof or interest therein is relinquished, sold, leased, transferred, conveyed, or encumbered, voluntarily or otherwise, without mortgagee's written consent, mortgagee is irrevocably authorized and empowered, at his discretion and without notice:  (One) to declare all unpaid debt under the terms of this promissory note, or any other debt to mortgagee guaranteed herein, immediately due and payable, and to proceed to foreclosure in accordance with the law and the provisions thereof; (Two) to incur and pay reasonable expenses for the repair and maintenance of the property and any expenses or obligations that mortgagor failed to pay as agreed in this mortgage, including taxes, assessments, insurance premiums, and any other payments or costs for the protection and conservation of the property and of this mortgage, or for violation of any provision of this mortgage; and (Three) to request legal protection.

(Seventeen) Mortgagor shall pay or reimburse mortgagee for all necessary expenses faithful compliance with the covenants and agreements of this mortgage, the promissory note, and any supplementary agreement, including the costs of surveying, title search, court costs, deed recording, and attorneys' fees.

[Seals]

[Initials]

**Form FmHA 427-LPR**
**10/77**

(Eighteen) Without in any way affecting mortgagee's right to require and enforce at any subsequent date the covenants, agreements, obligations, or similar concepts set forth herein, or in other agreements, and without affecting the liability of any person for payment of the promissory note or any other debt herein guaranteed, and without affecting the lien on the property or the priority of said lien, mortgagee is hereby authorized and empowered at any time: (One) to waive compliance with any agreement or obligation contained herein,

**Form FmHA 427-1 RR**
**10/77**

in the note, or in any supplementary agreement; (Two) to negotiate with mortgagor or to grant to mortgagor any indulgence or forbearance or extension of time for payment of the promissory note (with the consent of the note's holder when it is held by an insured lender), or for payment of any debt to the mortgagee herein guaranteed; or (Three) to grant and deliver partial releases of any part of the property mortgaged herein, or to grant deferment or postponement of this mortgage in favor of any other lien on the property.

(Nineteen) All rights, title, and interest in or over this mortgage, including but not limited to the power to grant consent, partial releases, subordination, and full cancellation, shall be vested solely and exclusively in the mortgagee, and no insured lender shall have any right, title, or interest in or over the lien and benefits contained herein.

(Twenty) Default on this mortgage shall constitute default on any other mortgage, rehabilitation loan, or real estate mortgage held or insured by mortgagee, and executed or assumed by mortgagor; and default on any other such security instrument shall constitute default on this mortgage.

(Twenty-One) All notices to be given under the terms of this mortgage shall be sent by certified mail, unless otherwise required by law, and shall be addressed, until some other address is designated in a notice provided to that effect, in the case of mortgagee, to Farmers Home Administration, United States Department of Agriculture, San Juan, Puerto Rico; and in the case of mortgagor, to his residence address as specified below.

(Twenty-Two) Mortgagor hereby relinquishes to mortgagee the amount of any judgment obtained through forced expropriation for public use of the property or any part thereof, as well as the amount of any judgment for damages to the property. Mortgagee will apply the amount so received to pay costs incurred in collection, and the balance to payment of the promissory note and any indebtedness to mortgagee guaranteed by this mortgage, and if any amount then remains, will pay such amount to mortgagor.

[Seals]

[Initials]

SEVENTH: That for the purpose of the first auction to be held in case of foreclosure of this mortgage, in accordance with the mortgage law, as amended, mortgagor does hereby appraise the mortgaged property in the amount of **TWO HUNDRED FORTY-SIX THOUSAND SIX HUNDRED DOLLARS ($246,600.00).**

EIGHTH: Mortgagor hereby waives the procedural requirements and agrees to be considered in default without need of any notification on the part of the mortgagee. This mortgage is subject to the regulations of the Farmers Home Administration now in effect, and to its future regulations not inconsistent with the provisions of this mortgage, as well as to the laws of the Congress of the United States of America that authorize the allocation and insuring of the aforementioned loan.

NINTH: The amounts guaranteed by this mortgage are as follows:

One. At all times when the promissory note referenced in paragraph THIRD of this mortgage is held by mortgagee, or in the event mortgagee should assign this mortgage without insuring the promissory note: **TWO HUNDRED FORTY-SIX THOUSAND SIX HUNDRED** DOLLARS (**$246,600.00**), the principal amount of said promissory note, with interest as stipulated therein at the rate of **THIRTEEN** percent (**13**%) per annum; **that is, twelve and one quarter.**

Form FmHA 427-1 PR
10/77

Two. At all times when the promissory note is held by an insured lender:
(A) **TWO HUNDRED FORTY-SIX THOUSAND SIX HUNDRED** DOLLARS (**$246,600.00**), to indemnify the mortgagee for advances to the insured lender due to mortgagor's failure to pay the installments as specified in the promissory note, with

interest as a stated in paragraph SIXTH, Third;

(B) **THREE HUNDRED SIXTY-NINE THOUSAND NINE HUNDRED** DOLLARS (**$369,900.00**) to indemnify the mortgagee against any loss it might sustain under its insurance of payment of the note;

Three.  In any event and at all times whatsoever:

(A) **NINETY-EIGHT THOUSAND SIX HUNDRED FORTY** DOLLARS (**$98,640.00**) for arrears interest.

(B) **FORTY-NINE THOUSAND THREE HUNDRED TWENTY** DOLLARS (**$49,320.00**) for taxes, insurance, and other advances for the preservation and protection of this mortgage, with interest at the rate stipulated in paragraph SIXTH, Third;

(C) **TWENTY-FOUR THOUSAND SIX HUNDRED SIXTY** DOLLARS (**$24,660.00**) for costs, expenses, and attorneys' fees in case of foreclosure;

(D) **TWENTY-FOUR THOUSAND SIX HUNDRED SIXTY** DOLLARS (**$24,660.00**) for costs and expenses incurred by mortgagee in proceedings to defend its interests against any other person interfering with or contesting the mortgagor's right of possession of the property, as provided in paragraph SIXTH, Thirteen.

[Seals]

TENTH: That the promissory note(s) referred to in paragraph THIRD of this mortgage is (are) described as follows:

[Initials]

"Promissory note executed in case number **sixty-three dash twenty-nine dash five eight one four four zero four seven one (63-29-581440471)** dated this **twenty-eighth** day of **May**, nineteen **eighty-one**, in the amount of **TWO HUNDRED FORTY-SIX THOUSAND SIX HUNDRED** dollars of principal, plus interest on the unpaid principal balance at the rate of **twelve and one quarter (12 1/4%)** percent per annum, until the principal is fully paid according to the terms, installments, conditions and stipulations contained in said promissory note and as agreed between the borrower and the Government, except that the final installment of the entire debt herein evidenced, if not sooner paid, shall be due and payable **FORTY** years from the date of this promissory note.

Said promissory note has been granted as evidence of a loan made by the Government to the Borrower, pursuant to the law of the Congress of the United States of America known as "Consolidated Farm and Rural Development Act of 1961," or pursuant to "Title V of the Housing Act of 1949," as amended, and is subject to the current regulations of the Farmers Home Administration and its future regulations not inconsistent with said Law. To which description I, the authorizing Notary, DO ATTEST.

Form FmHA 427-1 PR
10/77

ELEVENTH: The properties subject to this deed and over which the Voluntary Mortgage is constituted are described as follows:

**RURAL PROPERTY:** Plot of land located in the neighborhood of Garrochales, municipality of Arecibo, Puerto Rico, with a surface area of sixty cuerdas and forty-one hundredths of another, equivalent to twenty-three hectares, seventy-four ares, thirty-four centiares, and seventy-four areste, that is, eight-six miliares of land. Bordered to the North by Manuel Santos González and José Camerón Cintrón; to the South by the Land Authority of Puerto Rico; to the East by José Camerí, that is, Camerón Cintrón and Ciprián Martínez; and to the West by Mariano Carrión. Recorded on page sixty-nine of book four hundred eleven of Arecibo, farm number sixteen thousand two hundred eighty-eight.

[Seals]

**RURAL PROPERTY:** Plot of land located in the neighborhood of Garrochales, municipality of Arecibo, Puerto Rico, with a surface area of ten cuerdas, equal to three hectares, thirty-one, that is, nine ares, and forty centiares of flatland and ravines with grass and fruit. Bordered to the North by Mariano Carrión; to the South by the Land Authority of Puerto Rico; to the East and West by Manuel de los Santos. Recorded on page seventy-five of book five hundred fifty-seven of Arecibo, farm twenty-four thousand two hundred thirty-three.

[Initials]

**RURAL PROPERTY:** Plot of land located in the neighborhood of Garrochales, municipality of Arecibo, Puerto Rico, consisting of one hundred sixty cuerdas and sixty-six hundredths of a cuerda. Bordered to the North by plots of land belonging to Nebraska Consolidated Mills Company and the state highway six hundred eighty-two; to the South by plots of land of the people of Puerto Ric9, that is, Rico; to the East by plots of land currently of Aramis Acosta Ríos, Enrique Howe and Joaquín Rosa; and to the West by plots of land of Carmelo Bentancourt, Patricio Maldonado's estate, Claudio Rojas's estate, Pelegrin Terrasa and the people of Puerto Rico. Recorded on page twenty-eight reverse of book three hundred twenty-three of Arecibo, farm number one thousand thirty-six.

The borrower acquired the described farm through sale from **Conagra Incorporado,** according to deed number **one hundred nine,** dated on **June thirty of nineteen seventy-seven** and granted in the city of **San Juan,** Puerto Rico, before the notary **José Antonio Olivari López.**

Said property is subject to **a first mortgage in the principal amount of TWO THOUSAND DOLLARS, in guaranty of the promissory note to the holder, whose mortgage shall be paid off in its totality do, that is, with the money of said loan.**

TWELFTH: The parties appear in the present deed as Mortgagors are **Jorge Ochoa Bacallao and Nancy del Risco de Ochoa, of legal age, married**

[Seals]

[Initials]

to each other, and Delfo Ochoa Bacallao and Angelina Villavianis, of legal age, married to each other, owners and residents of San Juan, Puerto Rico, and whose postal address is as follows: P.O. Box ninety-eight, Saint Just, Puerto Rico.

THIRTEENTH: The proceeds of the loan herein granted were used or will be used for agricultural purposes and the construction and/or repair and/or improvement of physical installations on the described farm(s).

FOURTEENTH: The borrower will personally occupy and use any structure constructed, improved or purchased with the proceeds of the loan herein guaranteed and shall not lease or use said structure for other purposes unless the Government gives consent in writing. Violation of this clause, as well as violation of any other agreement or clause herein contained, will cause the debt to become due as if the whole term had elapsed and the Government, at its option, may declare the loan due and payable and proceed to the foreclosure of the mortgage.

FIFTEENTH: This mortgage expressly extends to all construction or building existing on the farms described herein and all improvements, construction, or buildings constructed on said farms while the mortgage loan constituted in favor of the Government is in effect, verified by the present owners or by their assignees or successors.

SIXTEENTH: The mortgagor does hereby jointly and severally waive for himself and on behalf of his heirs, assignees and successors or representatives, in favor of mortgagee (Farmers Home Administration), any Homestead right that he may presently or in the future have in relation to the property described in paragraph eleventh and in the buildings thereon or which in the future may be constructed; this waiver being permitted in favor of Farmers Home Administration by Law Number Thirteen (13) of May twenty-eight (28), nineteen sixty-nine (1969) (31 L.P.R.A 1851).

SEVENTEENTH: The mortgagee and mortgagor further agree that any stove, oven or heater purchased, either completely or partially, with funds of the loan herein secured, will be considered and understood to be part of the property encumbered by this mortgage.

EIGHTEENTH: The funds of the loan shall be further used to refinance a first, that is, mortgage encumbering the farm described in the above paragraph ELEVENTH.

NINETEENTH: This instrument also secures the recapture of any interest credit or subsidy which may be granted to the borrower by the Government pursuant to provisions of Title Forty-Two of the United States Code, section one thousand four hundred ninety dash A (42 U.S.C. 1490-A).

TWENTY: The appearing parties further state that as this is a loan for farming purposes, they have agreed not to distribute that responsibility among the farms encumbered, and therefore all shall respond separately, jointly and severally to the principal debt, interest, costs, and other

[Seals]

[Initials]

crei, that is, credits guaranteed by this deed, all according to article one hundred nineteen of the mortgage law, as amended by law number seventy-nine of June twenty-five, nineteen sixty-nine.

## ACCEPTANCE AND ADVISEMENTS

This Notary having made the pertinent legal warnings regarding this granting, and after this deed was read to the appearing parties, as they waived their right to read it themselves, of which I advised them, they ACCEPT it as drafted and sign with me and affix their initials to every and each of every page. And to my personal knowledge of the appearing parties, as well through their statements regarding their personal circumstances and residence, that the corresponding Internal Revenue and Notary tax seals are properly attached and cancelled, and to all contained in this Public Instrument, I, the Authorizing Notary, DO ATTEST.

SIGNED: Jorge Ochoa Bacallao, Nancy del Risco de Ochoa, Delfo Ochoa Bacallao, Angelina Villavisanis.

Signed, Stamped, Sealed and Initialed Francisco J. Arraiza Donate.

[Illegible certification paragraph]

[Stamps]

[Signature]

[Handwritten]

Recorded on page 30th, 67nd and 76th of the books 323, 411 and 557 of Arecibo, 6th, 4th and 5th recordings, farm # 10,036, 16,288 and 24,233. Subject to the mortgage established by this document. Arecibo, June 2, 1981.

No fees.                         Registar

[Signatures]

[Seals]

EXHIBIT
4



Forma FmHA 427-1 PR
10/77

-------------------------NUMERO   CIENTO DOS-------------------

-----------------------HIPOTECA VOLUNTARIA-----------------------

En Camuy, Puerto Rico a veintiocho de mayo de mil--
novecientos ochenta y uno,-----------------------------

-----------------------------ANTE MI-----------------------------

------------FRANCISCO J. ARRAIZA DONATE-------------
Abogado y Notario Público de esta Isla con residencia y vecindad en
Arecibo, Puerto Rico-----y oficina en Camuy, Puerto Rico.

-------------------------COMPARECEN-------------------------

Las personas nombradas en el párrafo DUODECIMO de esta hipoteca
denominados de aquí en adelante el "deudor hipotecario" y cuyas
circunstancias personales aparecen de dicho párrafo.-----------------

Doy fe del conocimiento personal de los comparecientes, así como por sus
dichos de su edad, estado civil, profesión y vecindad. -----------------

Aseguran hallarse en el pleno goce de sus derechos civiles, la libre
administración de sus bienes y teniendo a mi juicio la capacidad legal
necesaria para este otorgamiento, y en tal virtud libremente;-

-------------------------EXPONEN-------------------------

PRIMERO: El deudor hipotecario es dueño de la finca o fincas descritas en
el párrafo UNDECIMO así como de todos los derechos e intereses en las
mismas, denominada de aquí en adelante "los bienes". -----------------

SEGUNDO: Que los bienes aquí hipotecados están afectos a los
gravámenes que se especifican en el párrafo UNDECIMO. -------------

TERCERO: Que el deudor hipotecario viene obligado para con Estados
Unidos de América, actuando por conducto de la Administración de Hogares
de Agricultores, denominado de aquí en adelante el "acreedor hipotecario",
en relación con un préstamo o préstamos evidenciado por uno o más pagarés
o convenio de subrogación, denominado en adelante el "pagaré", sean uno o
más. Se requiere por el Gobierno que se hagan pagos adicionales mensuales
de una doceava parte de las contribuciones, avaluos (impuestos), primas de

FORMA-FmHA 427-1 PR

1

Forma FmHA-427-1 PR
10/77

seguros y otros cargos que se hayan estimados sobre la propiedad hipotecaria. ————————————————————————

CUARTO: Se sobreentiende que: ————————————————

(Uno) El pagaré evidencia un préstamo o préstamos al deudor hipotecario por la suma de principal especificada en el mismo, concedido, con el propósito y la intención de que el acreedor hipotecario puede ceder el pagaré en cualquier tiempo y asegurar su pago de conformidad con el Acta de mil novecientos sesenta y uno consolidando la Administración de Hogares de Agricultores o el Título Quinto de la Ley de Hogares de mil novecientos cuarenta y nueve, según ha sido enmendada. ————————————

(Dos) Cuando el pago del pagaré es garantizado por el acreedor hipotecario, puede ser cedido de tiempo en tiempo y cada tenedor de dicho pagaré a su vez será el prestamista asegurado. ——————————————

(Tres) Cuando el pago del pagaré es asegurado por el acreedor hipotecario, el acreedor hipotecario otorgará y entregará al prestamista asegurado conjuntamente con el pagaré un endoso de seguro garantizando totalmente el pago de principal e intereses de dicho pagaré. ————————————

(Cuatro) En todo tiempo que el pago del pagaré esté asegurado por el acreedor hipotecario, el acreedor hipotecario, por convenio con el prestamista asegurado, determinarán en el endoso de seguro la porción del pago de intereses del pagaré que será designada como "cargo anual". ————

(Cinco) Una condición del aseguramiento de pago del pagaré será de que el tenedor cederá todos sus derechos y remedios contra el deudor hipotecario y cualquiera otro en relación con dicho préstamo así como también a los beneficios de esta hipoteca y aceptará en su lugar los beneficios del seguro, y en caso de violación de cualquier convenio o estipulación aquí contenida o en el pagaré o en cualquier convenio suplementario por parte del deudor hipotecario, a requerimiento del acreedor hipotecario endosará el pagaré al acreedor hipotecario. ——————————————————————

(Seis)   Entre otras cosas, es el propósito e intención de esta hipoteca, que en todo tiempo cuando el pagaré esté en poder del acreedor hipotecario, o en el caso en que el acreedor hipotecario ceda esta hipoteca sin asegurar el pagaré, esta hipoteca garantizará el pago del pagaré pero cuando el pagaré



—2—

Forma FmHA-427-1 PR
10/77

esté en poder de un prestamista asegurado, esta hipoteca no garantizará el pago del pagaré o formará parte de la deuda evidenciada por el mismo, pero en cuanto al pagaré y a dicha deuda, constituirá una hipoteca de indemnización para garantizar al acreedor hipotecario contra cualquier pérdida bajo el endoso de seguro por causa de cualquier incumplimiento por parte del deudor hipotecario. ——————————————————————————————

QUINTO. Que en consideración al préstamo y (a) en todo tiempo que el pagaré sea conservado por el acreedor hipotecario o en el caso de que el acreedor hipotecario ceda la presente hipoteca sin el seguro de pago del pagaré y en garantía del importe del pagaré según se especifica en el subpárrafo (Uno) del párrafo NOVENO con sus intereses al tipo estipulado y para asegurar el pronto pago de dicho pagaré, su renovación o extensión y cualquier convenio contenido en el mismo, (b) en todo tiempo que el pagaré sea poseído por el prestamista asegurado en garantía de las sumas especificadas en el subpárrafo (Dos) del párrafo NOVENO aquí consignado, para garantizar el cumplimiento del convenio del deudor hipotecario de indemnizar y conservar libre al acreedor hipotecario contra pérdidas bajo el endoso de seguro por razón de incumplimiento del deudor hipotecario y (c) en cualquier caso y en todo tiempo en garantía de las sumas adicionales consignadas en el subpárrafo (Tres) del párrafo NOVENO de este instrumento y para asegurar el cumplimiento de todos y cada uno de los convenios y estipulaciones del deudor hipotecario aquí contenidos o en cualquier otro convenio suplementario, el deudor hipotecario por la presente constituye hipoteca voluntaria a favor del acreedor hipotecario sobre los bienes descritos en la párrafo UNDECIMO más adelante, así como sobre los derechos, intereses, servidumbres, derechos hereditarios, adhesiones pertenecientes a los mismos, toda renta, créditos, beneficios de los mismos, y todo producto e ingreso de los mismos, toda mejora o propiedad personal en el presente o que en el futuro se adhiera o que sean razonablemente necesarias para el uso de los mismos, sobre las aguas, los derechos de agua o acciones en los mismos, pertenecientes a las fincas o a todo pago que en cualquier tiempo se adeude al deudor hipotecario por virtud de la venta, arrendamiento, transferencia, enajenación o expropiación total o parcial de o por daños a cualquier parte de las mismas o a los intereses sobre ellas, siendo entendido que este gravamen quedará en toda su fuerza y vigor hasta que las cantidades especificadas en el párrafo NOVENO con sus intereses antes y después del vencimiento hasta que los mismos hayan sido pagados en su totalidad. En caso de ejecución, los bienes responderán del pago del principal, los intereses antes y después de vencimiento, hasta su total



Forma FmHA-427-1 PR
10/77

solvento, pérdida sufrida por el acreedor hipotecario como asegurador del pagaré, contribuciones, prima de seguro o cualquier otro desembolso o adelanto por el acreedor hipotecario por cuenta del deudor hipotecario con sus intereses hasta que sean pagados al acreedor hipotecario, costas, gastos y honorarios de abogado del acreedor hipotecario, toda extensión o renovación de dichas obligaciones con intereses sobre todas y todo otro cargo o suma adicional especificada en el párrafo NOVENO de este documento. ————

SEXTO: El deudor hipotecario expresamente conviene lo siguiente:————

(Uno) Pagar al acreedor hipotecario prontamente a su vencimiento cualquier deuda aquí garantizada e indemnizar y conservar libre de pérdida al acreedor hipotecario bajo el seguro del pago del pagaré por incumplimiento del deudor hipotecario. En todo tiempo cuando el pagaré sea poseído por el prestamista asegurado, el deudor hipotecario continuará haciendo los pagos sobre dicho pagaré al acreedor hipotecario como agente cobrador del tenedor del mismo. ————————————————————

(Dos) A pagar al acreedor hipotecario una cuota inicial por inspección y tasación y cualquier cargo por delincuencia requerido en el presente o en el futuro por los reglamentos de la Administración de Hogares de Agricultores.

(Tres) En todo tiempo cuando el pagaré sea poseído por un prestamista asegurado, cualquier suma adeudada y no pagada bajo los términos del pagaré, menos la cantidad o carga anual, podrá ser pagada por el acreedor hipotecario al tenedor del pagaré bajo los términos provistos en el pagaré y en el endoso de seguro referido en el párrafo CUARTO anterior por cuenta del deudor hipotecario. ————————————————

Cualquier suma vencida y no pagada bajo los términos del pagaré, sea éste poseído por el acreedor hipotecario o por el prestamista asegurado, podrá ser acreditada por el acreedor hipotecario al pagaré y en su consecuencia constituirá un adelanto por el acreedor hipotecario por cuenta del deudor hipotecario.————————————————————————

Cualquier adelanto por el acreedor hipotecario tal como se describe en este subpárrafo devengará intereses a razón del DOCE Y UN CUARTO por ciento ( 121/4 %) anual a partir de la fecha en que venció el pago hasta la fecha en que el deudor hipotecario lo satisfaga.————————————

(Cuatro) Fuere o no el pagaré asegurado por el acreedor hipotecario,



—4—

Forma FmHA-427-1 PR
10/77

cualquier o todo adelanto hecho por el acreedor hipotecario para prima de seguro, reparaciones, gravámenes u otra reclamación en protección de los bienes hipotecados o para contribuciones o impuestos u otro gasto similar por razón de haber el deudor hipotecario dejado de pagar por los mismos, devengará intereses a razón del tipo estipulado en el subpárrafo anterior desde la fecha de dichos adelantos hasta que los mismos sean satisfechos por el deudor hipotecario. ━━━━━━━━━━━━━━━━━━━━━━━━━

(Cinco) Todo adelanto hecho por el acreedor hipotecario descrito en esta hipoteca con sus intereses vencerá inmediatamente y será pagadero por el deudor hipotecario al acreedor hipotecario sin necesidad de requerimiento alguno en el sitio designado en el pagaré y será garantizado por la presente hipoteca. Ningún adelanto hecho por el acreedor hipotecario no relevará al deudor hipotecario de su violación del convenio de pagar. Dichos adelantos, con sus intereses, se reembolsarán de los primeros pagos recibidos del deudor hipotecario. Si no hubieren adelantos, todo pago verificado por el deudor hipotecario podrá ser aplicado al pagaré o a cualquier otra deuda del deudor hipotecario aquí garantizada en el orden que el acreedor hipotecario determinare. ━━━━━━━━━━━━━━━━━━━━━━━━━

(Seis) Usar el importe del préstamo evidenciado por el pagaré únicamente para los propósitos autorizados por el acreedor hipotecario. ━━━━━━━━

(Siete) A pagar a su vencimiento las contribuciones, impuestos especiales, gravámenes y cargas que graven los bienes o los derechos o intereses del deudor hipotecario bajo los términos de esta hipoteca. ━━━━━━━━━━

(Ocho) Obtener y mantener seguro contra incendio y otros riesgos según requiera el acreedor hipotecario sobre los edificios y las mejoras existentes en los bienes o cualquier otra mejora introducida en el futuro. El seguro contra fuego y otros riesgos serán en la forma y por las cantidades, términos y condiciones que aprobare el acreedor hipotecario. ━━━━━━━━━━━━

(Nueve) Conservar los bienes en buenas condiciones y prontamente verificar las reparaciones necesarias para la conservación de los bienes; no cometerá ni permitirá que se cometa ningún deterioro de los bienes; ni removerá ni demolerá ningún edificio o mejora en los bienes, ni cortará ni removerá madera de la finca, ni removerá ni permitirá se remueva grava, arena, aceite, gas, carbón u otros minerales sin el consentimiento del acreedor hipotecario y prontamente llevará a efecto las reparaciones en los bienes que



—5—

Forma FmHA-427-1 PR
10/77

el acreedor hipotecario requiera de tiempo en tiempo. El deudor hipotecario cumplirá con aquellas prácticas de conservación de suelo y los planes de la finca y del hogar que el acreedor hipotecario de tiempo en tiempo pueda prescribir. ⸻

(Diez) Si esta hipoteca se otorga para un préstamo a dueño de finca según se identifica en los reglamentos de la Administración de Hogares de Agricultores, el deudor hipotecario personalmente operará los bienes por sí y por medio de su familia como una finca y para ningún otro propósito y no arrendará la finca ni parte de ella a menos que el acreedor hipotecario consienta por escrito en otro método de operación o al arrendamiento. ⸻

(Once) Someterá en la forma y manera que el acreedor hipotecario requiera la información de sus ingresos y gastos y cualquier otra información relacionada con la operación de los bienes y cumplirá con todas las leyes, ordenanzas y reglamentos que afecten los bienes o su uso. ⸻

(Doce) El acreedor hipotecario, sus agentes y abogados, tendrán en todo tiempo el derecho de inspeccionar y examinar los bienes con el fin de determinar si la garantía otorgada está siendo mermada o deteriorada, y si dicho examen o inspección determinare, a juicio del acreedor hipotecario, que la garantía otorgada está siendo mermada o deteriorada, tal condición se considerará como una violación por parte del deudor hipotecario de los convenios de esta hipoteca. ⸻

(Trece) Si cualquier otra persona detentare con o impugnare el derecho de posesión del deudor hipotecario a los bienes, el deudor hipotecario inmediatamente notificará al acreedor hipotecario de dicha acción y el acreedor hipotecario, a su opción, podrá instituir aquellos procedimientos que fueren necesarios en defensa de sus intereses y los gastos y desembolsos incurrido por el acreedor hipotecario en dichos procedimientos, serán cargados a la deuda del deudor hipotecario y se considerarán garantizados por esta hipoteca dentro del crédito adicional de la cláusula hipotecaria para adelantos, gastos y otros pagos. ⸻

(Catorce) Si el deudor hipotecario en cualquier tiempo mientras estuviere vigente esta hipoteca, abandonare los bienes o voluntariamente se entregase al acreedor hipotecario, el acreedor hipotecario es por la presente autorizado y con poderes para tomar posesión de los bienes, arrendarlos y administrar los bienes y cobrar sus rentas, beneficios e ingresos de los mismos



—6—

Forma FmHA-427-1 PR
10/77

y aplicarlos en primer término a los gastos de cobro y administración y en segundo término al pago de la deuda evidenciada por el pagaré o cualquier otra deuda del deudor hipotecario y aquí garantizada, en el orden y manera que el acreedor hipotecario determinare. ————————————————

(Quince) En cualquier tiempo que el acreedor hipotecario determinare que el deudor hipotecario puede obtener un préstamo de una asociación de crédito para producción, de un Banco Federal u otra fuente responsable, cooperativa o privada, a un tipo de interés y términos razonables para préstamos por tiempo y propósitos similares, el deudor hipotecario, a requerimiento del acreedor hipotecario, solicitará y aceptará dicho préstamo en cantidad suficiente para satisfacer el pagaré y cualquier otra deuda aquí garantizada y pagar por las acciones necesarias en la agencia cooperativa en relación con dicho préstamo. ————————————————

(Dieciseis) El incumplimiento de cualesquiera de las obligaciones garantizadas por esta hipoteca, o si el deudor hipotecario o cualquier otra persona incluida como deudor hipotecario faltare en el pago de cualquier cantidad o violare o no cumpliere con cualquier cláusula, condición, estipulación o convenio o acuerdo aquí contenido o en cualquiera convenio suplementario, o falleciere o se declarare o fuere declarado incompetente, en quiebra, insolvente o hiciere una cesión en beneficio de sus acreedores, o los bienes o parte de ellos o cualquier interés en los mismos fueren cedidos, vendidos, arrendados, transferidos o gravados voluntariamente o de otro modo, sin el consentimiento por escrito del acreedor hipotecario, el acreedor hipotecario es irrevocablemente autorizado y con poderes, a su opción y sin notificación: (Uno) a declarar toda deuda no pagada bajo los términos del pagaré o cualquier otra deuda al acreedor hipotecario aquí garantizada, inmediatamente vencida y pagadera y proceder a su ejecución de acuerdo con la ley y los términos de la misma; (Dos) incurrir y pagar los gastos razonables para la reparación o mantenimiento de los bienes y cualquier gasto u obligación que el deudor hipotecario no pagó según se conviniere en esta hipoteca, incluyendo las contribuciones, impuestos, prima de seguro y cualquier otro pago o gasto para la protección y conservación de los bienes y de esta hipoteca o incumplimiento de cualquier precepto de esta hipoteca y (Tres) de solicitar la protección de la ley. ————————————————

(Diecisiete) El deudor hipotecario pagará o reembolsará al acreedor hipotecario todos los gastos necesarios para el fiel cumplimiento de los convenios y acuerdos de esta hipoteca, los del pagaré y en cualquier otro



—7—

Forma FmHA-427-1 PR
10/77

convenio suplementario, incluyendo los gastos de mensura, evidencia de título, costas, inscripción y honorarios de abogado. ———————— ————

(Dieciocho) Sin afectar en forma alguna los derechos del acreedor hipotecario para requerir y hacer cumplir en cualquier fecha posterior los convenios, acuerdos u obligaciones aquí contenidas o similares u otros convenios y sin afectar la responsabilidad de cualquier persona para el pago del pagaré o cualquier otra deuda aquí garantizada y sin afectar el gravámen impuesto sobre los bienes o la prioridad del gravámen, el acreedor hipotecario es por la presente autorizado y con poder en cualquier tiempo (Uno) renunciar el cumplimiento de cualquier convenio u obligación aquí contenida o en el pagaré o en cualquier convenio suplementario (Dos) negociar con el deudor hipotecario o conceder al deudor hipotecario cualquier indulgencia o tolerancia o extensión de tiempo para el pago del pagaré (con el consentimiento del tenedor de dicho pagaré cuando esté en manos de un prestamista asegurado) o para el pago de cualquier deuda a favor del acreedor hipotecario, y aquí garantizada; o (Tres) otorgar y entregar cancelaciones parciales de cualquier parte de los bienes de la hipoteca aquí constituída u otorgar diferimiento o postergación de esta hipoteca a favor de cualquier otro gravámen constituído sobre dichos bienes.

(Diecinueve) Todos los derechos, título e interés en y sobre la presente hipoteca, incluyendo pero no limitando el poder de otorgar consentimientos, cancelaciones parciales, subordinación, cancelación total, radica sola y exclusivamente en el acreedor hipotecario y ningún prestamista asegurado tendrá derecho, título o interés alguno en o sobre el gravámen y los beneficios aquí contenidos. ————————————————

(Veinte) El incumplimiento de esta hipoteca constituirá incumplimiento de cualesquiera otra hipoteca, préstamo refaccionario, o hipoteca de bienes muebles poseída o asegurada por el acreedor hipotecario y otorgada o asumida por el deudor hipotecario; y el incumplimiento de cualesquiera de dichos instrumentos de garantía constituirá incumplimiento de esta hipoteca

(Veintiuno) Todo aviso que haya de darse bajo los términos de esta hipoteca será remitido por correo certificado a menos que se disponga lo contrario por ley, y será dirigido hasta tanto otra dirección sea designada en un aviso dado al efecto, en el caso del acreedor hipotecario a Administración de Hogares de Agricultores, Departamento de Agricultura de Estados Unidos, San Juan, Puerto Rico, y en el caso del deudor hipotecario, a él a la dirección postal de



—8—

Forma FmHA-427-1 PR
10/77

su residencia según se especifica más adelante. ---------------------

(Veintidos) El deudor hipotecario por la presente cede al acreedor hipotecario el importe de cualquier sentencia obtenido por expropiación forzosa para uso público de los bienes o parte de ellos así como también el importe de la sentencia por daños causados a los bienes. El acreedor hipotecario aplicará el importe que reciba al pago de los gastos en que incurriere en su cobro y el balance al pago del pagaré y cualquier deuda al acreedor hipotecario garantizada por esta hipoteca, y si hubiere algún sobrante, se reembolsará al deudor hipotecario. ---------------------

SEPTIMO: Para que sirva de tipo a la primera subasta que deberá celebrarse en caso de ejecución de esta hipoteca, de conformidad con la ley hipotecaria, según enmendada, el deudor hipotecario por la presente tasa los bienes hipotecados en la suma de   DOSCIENTOS CUARENTA Y SEIS MIL_

SEISCIENTOS DOLARES ($246,600.00).---------------------

OCTAVO: El deudor hipotecario por la presente renuncia al trámite de requerimiento y se considerará en mora sin necesidad de notificación alguna por parte del acreedor hipotecario. Esta hipoteca está sujeta a los reglamentos de la Administración de Hogares de Agricultores ahora en vigor y a futuros reglamentos, no inconsistentes con los términos de esta hipoteca, así como también sujeta a las leyes del Congreso de Estados Unidos de América que autorizan la asignación y aseguramiento del préstamo antes mencionado. ---------------------

NOVENO: Las cantidades garantizadas por esta hipoteca son las siguientes:

Una. En todo tiempo cuando el pagaré relacionado en el párrafo TERCERO de esta hipoteca sea poseído por el acreedor hipotecario o en caso que el acreedor hipotecario cediere esta hipoteca sin asegurar el pagaré:  DOSCIENTOS CUARENTA Y SEIS MIL SEISCIENTOS DOLARES ($ 246,600.00 el principal de dicho pagaré, con sus intereses según estipulados a razón del TRECE----------------- 13 por ciento (   %) anual;  diez, doce y un cuarto

Dos. En todo tiempo cuando el pagaré es poseído por un prestamista asegurado:
(A)  DOSCIENTOS CUARENTA Y SEIS MIL----------------- SEISCIENTOS ----------------- DOLARES ($   $246,000.00



Forma FmHA 427-1 PR
10/77

para indemnizar al acreedor hipotecario por adelantos al prestamista asegurado por motivo del incumplimiento del deudor hipotecario de pagar los plazos según se especifica en el pagaré, con intereses según se especifica en el párrafo SEXTO, Tercero; —————————————

(B) TRESCIENTOS SESENTA Y NUEVE MIL NOVECIENTOS————— —————————————————DOLARES ($369,900.00)

para indemnizar al acreedor hipotecario además contra cualquier pérdida que pueda sufrir bajo su seguro de pago del pagaré; —————————

Tres. En cualquier caso y en todo tiempo; —————————————

(A) NOVENTA Y OCHO MIL SEISCIENTOS CUARENTA————— —————————————————DOLARES ($98,640.00 )

para intereses después de mora; ————————————————

(B) CUARENTA Y NUEVE MIL TRESCIENTOS VEINTE—————— —————————————————DOLARES ($49,320.00 )

para contribuciones, seguro y otros adelantos para la conservación y protección de esta hipoteca, con intereses al tipo estipulado en el párrafo SEXTO, Tercero; ——————————————————————

(C) VEINTICUATRO MIL SEISCIENTOS SESENTA————— —————————————————DOLARES ($ 24,660.00 )

para costas, gastos y honorarios de abogado en caso de ejecución; —————

(D) VEINTICUATRO MIL SEISCIENTOS SESENTA————— —————————————————DOLARES ($ 24,660.00 )

para costas y gastos que incurriere el acreedor hipotecario en procedimientos para defender sus intereses contra cualquier persona que intervenga o impugne el derecho de posesión del deudor hipotecario a los bienes según se consigna en el párrafo SEXTO, Trece. —————————————

DECIMO: Que el (los) pagaré(s) a que se hace referencia en el párrafo TERCERO de esta hipoteca es (son) descrito(s) como sigue: ———————— "Pagaré otorgado en el caso número sesentitres raya veintinueve raya cinco ocho uno cuatro cuatro cero cuatro siete uno (63-29-581440471)— fechado el día veintiocho ————— de mayo de mil novecientos ochenta y uno——————

——————————————————————————————

Forma FmHA 427-1 PR
10/77

por la suma de    DOSCIENTOS CUARENTA Y SEIS MIL SEISCIEN--
TOS---- dólares de principal más intereses sobre el balance del principal

adeudado a razón del    DOCE Y UN CUARTO--------------------

------ (12 1/4% ) por ciento anual, hasta tanto su principal sea

totalmente satisfecho según los términos, plazos, condiciones y estipulaciones

contenidas en dicho pagaré y según acordados y convenidos entre el

Prestatario y el Gobierno; excepto el pago final del total de la deuda aquí

representada, de no haber sido satisfecho con anterioridad, vencerá y será

pagadero a los    CUARENTA-------- años de la fecha de este pagaré.

--- Dicho pagaré ha sido otorgado como evidencia de un préstamo concedido

por el Gobierno al Prestatario de conformidad con la Ley del Congreso

de los Estados Unidos de América denominada "Consolidated Farm and

Rural Development Act of 1961" o de conformidad con el "Title V of

the Housing Act of 1949", según han sido enmendadas y está sujeto a los

presentes reglamentos de la Administración de Hogares de Agricultores

y a los futuros reglamentos no inconsistentes con dicha Ley . De cuya

descripción, yo, el Notario Autorizante, DOY FE. --- ------------------

UNDECIMO: Que la propiedad objeto de la presente escritura y sobre la que

se constituye Hipoteca Voluntaria, se describe como sigue: ---------------

RUSTICA: Radicada en el barrio Garrochales deltér---

mino municipal de Arecibo, Puerto Rico, con una ca--

bida de sesenta cuerdas con cuarenta y un céntimos--

de otra, equivalentes a veintitres hectáreas, setenta

y cuatro áreas, treinta y cuatro centiáreas, setenta

y cuatro áreaste, digo, ochenta y seis miliáreas de--

terreno, y en lindes al Norte, con Manuel Santos Gon-

zález y José Camerón Cintrón; al Sur, Autoridad de--

Tierras de Puerto Rico; al Este, con José Camerí,digo,

Camerón Cintrón y  Ciprián Martínez y al Oeste, con--

Mariano Carrión.  Inscrita al folio sesentiseis del--

tomo cuatrocientos once de Arecibo, finca número die-

ciseis mil doscientos ochenta y ocho.----------------

RUSTICA: Sita en el barrio Garrochales del término---

municipal de Arecibo, compuesto de diez cuerdas igual

a tres hectáreas, treinta y un,digo, nueve áreas y---

cuarenta centiáreas de terreno llano y quebrado a pas

tos y frutos. Linda al Norte, con Mariano Carrión; al

Sur, Autoridad de Tierras de Puerto Rico; al Este, y--

Oeste,con Manuel de los Santos.  Inscrita al folio se

tenta y cinco del tomo quinientos cincuenta y siete--

de Arecibo,finca veinticuatro mildoscientos veintitres



RUSTICA: Predio de terreno radicado en el barrio--
Garrochales de Arecibo, compuesto de ciento sesen-
ta cuerdas y sesenta y seis céntimos de cuerda con
colindancias por el Norte, con terrenos pertene---
cientes a Nebraska Consolidated Mills Company y con
la carretera estatal seiscientos ochenta y dos;---
por el Sur, con terrenos del pueblo de Puerto Rico,
digo, Rico; por el Este, con terrenos hoy de Ar---
mis Acosta Rios; Enrique Howe y Joaquín Rosa y-----
por el Oeste, con terrenos hoy de Carmelo Betan----
court, Sucesión Patricio Maldonado, Sucesión Clau-
dio Rojas, Pelegrin Terrasa y el pueblo de Puerto-
Rico.--------------------------------------------
Inscrita al folio veintiocho vuelto del tomo tres-
cientos veintitres de Arecibo, finca número mil---
treinta y seis.----------------------------------

-------------------------------------------------

-------------------------------------------------

-------------------------------------------------

-------------------------------------------------

-------------------------------------------------

-------------------------------------------------

-------------------------------------------------

-------------------------------------------------

-------------------------------------------------

-------------------------------------------------

-------------------------------------------------

-------------------------------------------------

orma FmHA 427-1 PR
0/77

Adquirió el prestatario la descrita finca por compra a---------

Consagra incorpor do----------------------------------------
según consta de la Escritura Número **ciento nueve**-------------
----------------de fecha **treinta de junio de mil nove-
siete**
**cientos setenta y**otorgada en la ciudad de San Juan-------
ante el Notario **José Antonio Olivari López.**----------------
Dicha propiedad se encuentra afecta a una primera hipoteca
por la suma de DOSCIENTOS MIL DOLARES de principal---
en garantía de pagaré al portador, cuya hipoteca se-
cancelará en su totalidad do,digo, con el dinero del-
referido préstamo.------------------------------------------

---------------------------------------------------------------

---------------------------------------------------------------

DUODECIMO:  Que comparecen en la presente escritura como------
Deudores Hipotecarios **Jorge Ochoa Bacallao y Nancy del---
Risco de Ochoa, mayores de edad, casados entre sí, y-
Delfo Ochoa Bacallao y Angelina Villavisania, mayores**
cuya dirección postal es:**de edad, casados entre sí, pro-
pietarios, y vecinos de de San Juan, Puerto Rico.------**
P.O. Box noventa y ocho, Saint Just, Puerto Rico.-----



DECIMO TERCERO:  El importe del préstamo aquí consignado se
usará será usado para fines agrícolas y la construcción y/o
reparación y/o mejoras de las instalaciones físicas en la-----
finca(s) descrita(s).-------- --------------- --- ---- --- ----

DECIMO CUARTO:  El prestatario ocupará personalmente y usará--
cualquier estructura que haya sido construída, mejorada o------
comprada con el importe del préstamo aquí garantizado y no----
arrendará o usará para otros fines dicha estructura a menos que
el Gobierno lo consienta por escrito.  La violación de esta---
clausula como la violación de cualquiera otro convenio o cláu-
sula aquí contenida ocasionará el vencimiento de la obligación
como si todo el término hubiese transcurrido y en aptitud el
Gobierno de declarar vencido o pagadero el préstamo y proceder
a la ejecución de la hipoteca.-------------------------- ----

DECIMO QUINTO:  Esta hipoteca se extiende expresamente a toda
construcción o edificación existente en la(s) finca(s) antes--

12

Forma FmHA 427-1PR
10/77

descrita(s) y a toda mejora, construcción o edificación que
se construya en dicha finca(s) durante la vigencia del
préstamo hipotecario constituido a favor del Gobierno, veri-
ficada por los actuales dueños deudores o por sus cesionarios
o causahabientes.

DECIMO SEXTO:  El deudor hipotecario por la presente------
renuncia mancomunada y solidariamente por sí y a nombre de--
sus herederos causahabientes, sucesores o representantes a-
favor del acreedor (Administración de Hogares de -----------
Agricultores), cualquier derecho de Hogar Seguro (Homestead)
que en el presente o en el futuro pudiera tener en la ------
propiedad descrita en el párrafo undécimo y en los edificios
allí enclavados o que en el futuro fueran construídos; -----
renuncia esta permitida a favor de la Administración de ----
Hogares de Agricultores por la Ley Número trece (13) del ---
veintiocho (28) de mayo de mil novecientos sesenta y nueve--
(1969) (31 L.P.R.A. 1851).--------------------------------



DECIMO SEPTIMO:  El acreedor y el deudor hipotecario -------
convienen en que cualquier estufa, horno, calentador compra-
do o financiado total o parcialmente con fondos del préstamo
aquí garantizado, se considerará e interpretará como parte--
de la propiedad gravada por esta Hipoteca.------------------

DECIMO OCTAVO: Los fondos del préstamo se utilizarán
además para refinanciar una primera de,digo, hipo--
teca que gravia las fincas descritas en el hecho----
UNDECIMO anterior.--------------------------------

DECIMO NOVENO: Este documento garantiza asimismo el--
rescate o recuperación de cualquier crédito por in---
tereses o subsidio que pueda otorgarse a los presta--
tarios por el gobierno de acuerdo con las disposicio-
nes del Título cuarentidos del Código de Estados Uni-
dos, sección mil cuatrocientos noventa raya A (42----



13

U.S.C 1490-A).------------------------------------

VIGESIMO: Manifiestan los deudores hipotecarios---
que por tratarse de un préstamo para fines agríco-
las han acordado en no distribuir la responsabili-
dad entre las fincas gravadas y por lo tanto todas
responderán solidariamente y mancomunadamente de-
la deuda, principal, intereses, costas y demás----
creídto,digo, créditos garantizados por esta escri
tura, todo ello conforme al artículo ciento die--
cinueve de la ley hipotecaria según el mismo ha --
sido enmendado por la ley número setentinueve del-
veinticinco de junio de mil novecientos sesentinue

------------------------------------ -  -----

--------ACEPTACION Y ADVERTENCIAS ---------

Hechas por mí el Notario, las advertencvia,digo,-
advertencias legales pertinentes y leída esta----
escritura a los otorgantes por renuncia que hicie--
ron al derecho de leerla por sí, del que les ad---
vertí, la ACEPTAN en la forma en que está redactada
y la firman conmigo, habiendo además los otorgan--
tes puesto sus iniciales en todos y cada uno de los
folios de esta escritura.  Y de mi conocimiento---
personal de los otorgantes y por sus dichos de sus
circunstancias personales y vecindad y de que se--



hallan debidamente adheridos y cancelados, con los co-
rrespondientes sellos de Rentas Internas y del Im-
puesto Notarial y de todo lo demas consignado en
esta instrumento público. Yo, el Notario autorizan-
te DOY FE.----------

FIRMADOS: Jorge Ochoa Bacallao, Nancy del Risco de
Ochoa, Delfo Ochoa Bacallao, Angelina Villavisanis.

Firmado, signado, sellado y rubricado Francisco J.
Arraiza Donate.----------

ES PRIMERA
original que obra
año en curso en el
de rentas internas

día de su otorgamiento y de



# TITLE SEARCH

EXHIBIT
5

**CASE: JORGE OCHOA BACALLAO**

REF: ~~1521~~-123
BY: TAIMARY

ESTUDIOS DE TITULO
SEGUROS DE TITULO

P.O. BOX 1467, TRUJILLO ALTO, P.R. 00977-1467
TELS. (787) 748.1130 / 748-8577 • FAX (787) 748-1143

Este documento NO es una póliza de Seguro de Título, por lo cual no debe utilizarse como tal. La responsabilidad de la entidad que preparó este Estudio de Título, está limitada a la cantidad pagada por la preparación de dicho Estudio de Título. Para completa protección deben requerir una póliza de Seguro de Título.

Eagle Title & Other Services, Inc.

**PROPERTY NUMBER:**     10,036, recorded at page 92 of volume 275 of Arecibo, Section I of Arecibo.

**DESCRIPTION:** *(As it is recorded in the Spanish language)*

**RUSTICA:** Remanente de terreno radicado en el barrio Garrochales de Arecibo, compuesto de **160.66 cuerdas**, con colindancias por el **NORTE**, con terrenos pertenecientes a Nebraska Consolidated Mills Company y con la carretera estatal #**682**; por el **SUR**, con terrenos del Pueblo de Puerto Rico; por el **ESTE**, con terrenos hoy de Aramis Acosta Ríos, Enrique Howe y Joaquín Rosa; y por el **OESTE**, con terrenos hoy de Carmelo Betancourt, Sucesión Patricio Maldonado, Sucesión Claudio Rojas, Pelegrín Terraza y el Pueblo de Puerto Rico.

**TITLE:**

This property is registered one half in favor of JORGE OCHOA BACALLAO and wife NANCY DEL RISCO DE OCHOA and another half in favor of DELFO OCHOA BACALLAO and wife ANGELINA VILLA VISANIS DE OCHOA, whom acquired this and other properties by purchase from Nebraska Consolidated Mills Company, for the price of $204,000.00, pursuant to deed #109, executed in San Juan, Puerto Rico, on June 30, 1977, before Notary Public José Antonio Olivari López, recorded at page 29 overleaf of volume 323 of Arecibo, property number #10,036, 14th inscription.

**LIENS AND ENCUMBRANCES:**

I.    By reason of its origin this property is free of liens and encumbrances

II.   By reason of itself this property is encumbered by the following:

1.    **MORTGAGE:** Constituted by Jorge Ochoa Bacallao and his wife Nancy Del Risco De Ochoa; and Delfo Bacallao and his wife Angelina Villa Visanis, (over this and other properties) in favor of United States of America represented by Farmers Home Administration, in the original principal amount of $246,600.00, with 12 ⅛% annual interests, due on 40 years, constituted by deed #102, executed in Camuy, Puerto Rico, on May 28, 1981, before Notary Francisco J. Arraiza Donate, recorded at page 30 overleaf of volume 323 of Arecibo, property #10,036, 16th inscription.

2.    **MORTGAGE:** Constituted by Jorge Ochoa Bacallao and his wife Nancy Del Risco De Ochoa; and Delfo Bacallao and his wife Angelina Villa Visanis, (over this and other properties) in favor of United States of America represented by Farmers Home Administration, in the original principal amount of $83,000.00, with 13% annual interests, due on 7 years, constituted by deed #103, executed in Camuy, Puerto Rico, on May 28, 1981, before Francisco J. Arraiza Donate Notary Public, recorded at page 31 overleaf of volume 323 of Arecibo, property #10,036, 17th inscription.

3.    **MODIFICATION:** Re-amortized and modified the mortgage of $246,600.00 on the amount of $325,200.54, with 8.25% annual interests, due on August 14, 2020, constituted by deed #119, executed in Ciales, Puerto Rico, on August 14, 1986, before Notary Public José Oscar San Miguel, recorded at page 32 overleaf of volume 323 of Arecibo, property #10,036, 19th inscription.

**PAGE #2**
**PROPERTY #10,036**

4. **MODIFICATION:** Re-amortized and modified the mortgage of $83,000.00 on the amount of $91,689.97, with 8% annual interests, due on August 14, 1993, constituted by deed #120, executed in Ciales, Puerto Rico, on August 14, 1986, before Notary Public José Oscar San Miguel, recorded at page 33 overleaf of volume 323 of Arecibo, property #10,036, 20th inscription.

5. **MORTGAGE:** Constituted by Jorge Ochoa Bacallao and his wife Nancy Del Risco De Ochoa; and Delfo Ochoa Bacallao and his wife Angelina Villa Visanis, over this and other properties, in favor of Central Soya Feed Company Inc., in the original principal amount of $687,000.00, responding this one for $480,000.00, with 7% annual interests, due on presentation, constituted by deed #242, executed in San Juan, Puerto Rico, on November 7, 1987, before Notary Héctor L. Torres Vilá, recorded at page 34 of volume 323 of Arecibo, property #10,036, 21th inscription.

6. **LAWSUIT ANNOTATION:** Executed in the First Instance Court of United States of América, District of Puerto Rico, civil case #94-2672 (SEC), by United States of América (Farms Home Administration), plaintiff, versus Jorge Ochoa Bacallao and his wife Nancy Del Risco De Ochoa; and Delfo Ochoa Bacallao and his wife Angelina Villa Visanis, defendant, in which the payments of the following mortgages are required; $325,200.54, $91,689.97 and $687,000.00, recorded at page 34 overleaf of volume 323 of Arecibo, October 2, 1997, Annotation B.

**REVIEWED:**

Federal Attachments, Commonwealth of Puerto Rico Tax Liens, Judgments and Daily Log up to May 2, 2018.

*NOTICE: At the time and date this Title Abstract was generated there is a delay on the "Ágora" Electronic System from the Registry Department. Furthermore, the new system "Karibe" in which the historic books are being digitalized presents a delay and many documents do not appear or may not show readable. Hence, we are not responsible for documents that are not found nor errors or omissions by the Registry as well as any setbacks this may incite.*

**EAGLE TITLE AND OTHER SERVICES, INC.**

*Authorized signature*

sm/dm/**F**

ESTUDIOS DE TITULO
SEGUROS DE TITULO

P.O. BOX 1467, TRUJILLO ALTO, P.R. 00977-1467
TELS. (787) 748.1130 / 748-8577 • FAX (787) 748-1143

Este documento NO es una póliza de Seguro de Título, por lo cual no debe utilizarse como tal. La responsabilidad de la entidad que preparó este Estudio de Título, está limitada a la cantidad pagada por la preparación de dicho Estudio de Título. Para completa protección deben requerir una póliza de Seguro de Título.

Eagle Title & Other Services, Inc.

I, Elías Díaz Bermúdez, of legal age, single and neighbor of San Juan, Puerto Rico, under solemn oath declare:

1. That my name and personal circumstances are the above mentioned.

2. That on May 2, 2018, I examined the books and files of The Property Registry of Puerto Rico and prepared the attached title study which makes part of this affidavit.

3. That the attached title study correctly represents in all its parts the status of the above described property in The Property Registry of Puerto Rico.

I, the undersigned, hereby swear that the facts herein stated are true.

In Guaynabo, Puerto Rico, this ___8___ day of _november_ of 2018.

_____
Elías Díaz Bermúdez

AFFIDAVIT NUMBER 3242

Sworn and subscribed to before me by Elías Díaz Bermúdez of the aforementioned personal circumstances, whom I personally know.

In Guaynabo, Puerto Rico, this _8_ day of _november_ of 2018.

_____
NOTARY PUBLIC

# TITLE SEARCH

EXHIBIT

6

**CASE: JORGE OCHOA BACALLAO**

**REF: 1521.123**
**BY: TAIMARY**

ESTUDIOS DE TITULO
SEGUROS DE TITULO

P.O. BOX 1467, TRUJILLO ALTO, P.R. 00977-1467
TELS. (787) 748.1130 / 748-8577 • FAX (787) 748-1143

Este documento NO es una póliza de Seguro de Titulo, por lo cual no debe utilizarse como tal. La responsabilidad de la entidad que preparó este Estudio de Titulo, está limitada a la cantidad pagada por la preparación de dicho Estudio de Titulo. Para completa protección deben requerir una póliza de Seguro de Titulo.

Eagle Title & Other Services, Inc.

**PROPERTY NUMBER:** 16,288, recorded at page 66 of volume 411 of Arecibo, Section I of Arecibo.

**DESCRIPTION:** *(As it is recorded in the Spanish language)*

**RÚSTICA:** Radicada en el barrio Garrochales del término municipal de Arecibo, Puerto Rico, con una cabida de **60.41 cuerdas, equivalentes a 23 hectáreas, 74 áreas, 34 centiáreas y 86 miliáreas de terreno** y en lindes por el **NORTE**, con Manuel Santos González y José Camerón Cintrón; por el **SUR**, Autoridad de Tierras de Puerto Rico; por el **ESTE**, con José Camerón Cintrón y Ciprián Martínez; y por el **OESTE**, con Mariano Carrión.

**ORIGIN:**

It is formed by aggregation from property numbers 14,431 and 16,285, recorded at pages 70 and 49 of volumes 357 and 411 of Arecibo.

**TITLE:**

This property is registered one half in favor of JORGE OCHOA BACALLAO and wife NANCY DEL RISCO DE OCHOA and another half in favor of DELFO OCHOA BACALLAO and wife ANGELINA VILLA VISANIS DE OCHOA, whom acquired this and other properties by purchase from Nebraska Consolidated Mills Company, for the price of $204,000.00, pursuant to deed #109, executed in San Juan, Puerto Rico, on June 30, 1977, before Notary Public José Antonio Olivari López, recorded at page 66 overleaf of volume 411 of Arecibo, property number #16,288, 2nd inscription.

**LIENS AND ENCUMBRANCES:**

I.   By reason of its origin this property is free of liens and encumbrances

II.  By reason of itself this property is encumbered by the following:

1.   **MORTGAGE:** Constituted by Jorge Ochoa Bacallao and his wife Nancy Del Risco De Ochoa; and Delfo Bacallao and his wife Angelina Villa Visanis, (over this and other properties) in favor of United States of America represented by Farmers Home Administration, in the original principal amount of $246,600.00, with 12 ¼% annual interests, due on 40 years, constituted by deed #102, executed in Camuy, Puerto Rico, on May 28, 1981, before Notary Francisco J. Arraiza Donate, recorded at page 68 of volume 411 of Arecibo, property #16,288, 4th inscription.

2.   **MORTGAGE:** Constituted by Jorge Ochoa Bacallao and his wife Nancy Del Risco De Ochoa; and Delfo Bacallao and his wife Angelina Villa Visanis, (over this and other properties) in favor of United States of America represented by Farmers Home Administration, in the original principal amount of $83,000.00, with 13% annual interests, due on 7 years, constituted by deed #103, executed in Camuy, Puerto Rico, on May 28, 1981, before Francisco J. Arraiza Donate Notary Public, recorded at page 68 overleaf of volume 411 of Arecibo, property #16,288, 5th inscription.

3.   **MODIFICATION:** Re-amortized and modified the mortgage of $246,600.00 on the amount of $325,200.54, with 8.25% annual interests, due on August 14, 2020, constituted by deed #119, executed in Ciales, Puerto Rico, on August 14, 1986, before Notary Public José Oscar San Miguel, recorded at page 69 overleaf of volume 411 of Arecibo, property #16,288, 7th inscription.

PAGE #2
PROPERTY #16,288

ESTUDIOS DE TITULO
SEGUROS DE TITULO

P.O. BOX 1467, TRUJILLO ALTO, P.R. 00977-1467
TELS. (787) 748.1130 / 748-8577 • FAX (787) 748-1143

4. **MODIFICATION:** Re-amortized and modified the mortgage of $83,000.00 on the amount of $91,689.97, with 8% annual interests, due on August 14, 1993, constituted by deed #120, executed in Ciales, Puerto Rico, on August 14, 1986, before Notary Public José Oscar San Miguel, recorded at page 70 overleaf of volume 411 of Arecibo, property #16,288, 8th inscription.

5. **MORTGAGE:** Constituted by Jorge Ochoa Bacallao and his wife Nancy Del Risco De Ochoa; and Delfo Bacallao and his wife Angelina Villa Visanis, (over this and other properties) in favor of Central Soya Feed Company Inc., in the original principal amount of $687,000.00, responding this one for $178,620.00, with 7% annual interests, due on presentation, constituted by deed #242, executed in San Juan, Puerto Rico, on November 7, 1987, before Notary Héctor L. Torres Vilá, recorded at page 71 of volume 411 of Arecibo, property #16,288, 9th inscription.

6. **LAWSUIT ANNOTATION:** Executed in the First Instance of United States of América Court for the District of Puerto Rico, civil case # 94-2672, United States of América (Farmers Home Administration), plaintiff, versus Jorge Ochoa Bacallao and his wife Nancy Del Risco De Ochoa; and Delfo Ochoa Bacallao and his wife Angelina Villa Visanis, defendant, in which the payments of the following mortgages are required for the amounts of $325,200.54; $91,689.97 and $687,000.00, recorded at page 71 overleaf of volume 411 of Arecibo, property #16,288, October 2, 1997, annotation A.

**REVIEWED:**

Federal Attachments, Commonwealth of Puerto Rico Tax Liens, Judgments and Daily Log up to May 2, 2018.

*NOTICE: At the time and date this Title Abstract was generated there is a delay on the "Ágora" Electronic System from the Registry Department. Furthermore, the new system "Karibe" in which the historic books are being digitalized presents a delay and many documents do not appear or may not show readable. Hence, we are not responsible for documents that are not found nor errors or omissions by the Registry as well as any setbacks this may incite.*

**EAGLE TITLE AND OTHER SERVICES, INC.**

Authorized signature

sm/dm/**F**

Este documento NO es una póliza de Seguro de Título, por lo cual no debe utilizarse como tal. La responsabilidad de la entidad que preparó este Estudio de Título, está limitada a la cantidad pagada por la preparación de dicho Estudio de Título. Para completa protección deben requerir una póliza de Seguro de Título.

Eagle Title & Other Services, Inc.

I, Elías Díaz Bermúdez, of legal age, single and neighbor of San Juan, Puerto Rico, under solemn oath declare:

1. That my name and personal circumstances are the above mentioned.

2. That on May 2, 2018, I examined the books and files of The Property Registry of Puerto Rico and prepared the attached title study which makes part of this affidavit.

3. That the attached title study correctly represents in all its parts the status of the above described property in The Property Registry of Puerto Rico.

I, the undersigned, hereby swear that the facts herein stated are true.

In Guaynabo, Puerto Rico, this ___9___ day of __november__ of 2018.



_____
Elías Díaz Bermúdez

AFFIDAVIT NUMBER **3250**.

Sworn and subscribed to before me by Elías Díaz Bermúdez of the aforementioned personal circumstances, whom I personally know.

In Guaynabo, Puerto Rico, this ___9___ day of __november__ of 2018.

_____
NOTARY PUBLIC

EXHIBIT

7

# TITLE SEARCH

ESTUDIOS DE TITULO
SEGUROS DE TITULO

P.O. BOX 1467, TRUJILLO ALTO, P.R. 00977-1467
TELS. (787) 748.1130 / 748-8577 • FAX (787) 748-1143

**CASE:** JORGE OCHOA BACALLAO

**REF: 1521.123**
**BY: TAIMARY**

**PROPERTY NUMBER:** 24,233, recorded at page 75 of volume 557 of Arecibo, Section I of Arecibo.

**DESCRIPTION:** *(As it is recorded in the Spanish language)*

**RÚSTICA:** Sita en el Barrio Garrochales del término municipal de Arecibo, compuesta de **diez cuerdas, igual a tres hectáreas, treinta y nueve áreas y cuarenta centiáreas** de terreno llano y quebrado a pastos y frutos. Linda al **NORTE**, con Mariano Carrión; al **SUR**, con Autoridad de Tierras de Puerto Rico; al **ESTE** y **OESTE**, con Manuel de los Santos.

**ORIGIN:**

It is formed by Domain File.

**TITLE:**

This property is registered in favor of JORGE OCHOA BACALLAO and wife NANCY DEL RISCO DE OCHOA and DELFO OCHOA BACALLAO and wife ANGELINA VILLA VISANIS, 50% for each couple, whom acquired by purchase from Conagra Inc., for the price of $15,000.00, pursuant to deed #109, executed in San Juan, Puerto Rico, on June 30, 1977, before Notary Public José Antonio Olivari López, recorded at page 75 overleaf of volume 557 of Arecibo, property number #24,233, inscription 3rd.

**LIENS AND ENCUMBRANCES:**

I.   By reason of its origin this property is free of liens and encumbrances

II.  By reason of itself this property is encumbered by the following:

1.   **MORTGAGE:** Constituted by Jorge Ochoa Bacallao and his wife Nancy Del Risco De Ochoa; and Delfo Ochoa Bacallao and his wife Angelina Villa Visanis, (over this and other properties) in favor of United States of America represented by Farmers Home Administration, in the original principal amount of $246,600.00, with 12 ¼% annual interests, due on 40 years, constituted by deed #102, executed in Camuy, Puerto Rico, on May 28, 1981, before Francisco J. Arraiza Donate, recorded at page 76 overleaf of volume 557 of Arecibo, property #24,233, 5th inscription. Each property responds jointly for the principal amount of the mortgage.

2.   **MORTGAGE:** Constituted by Jorge Ochoa Bacallao and his wife Nancy Del Risco De Ochoa; and Delfo Ochoa Bacallao and his wife Angelina Villa Visanis, (over this and other properties) in favor of United States of America represented by Farmers Home Administration, in the original principal amount of $83,000.00, with 13% annual interests, due on 7 years, constituted by deed #103, executed in Camuy, Puerto Rico, on May 28, 1981, before Francisco J. Arraiza Donate Notary Public, recorded at page 77 of volume 557 of Arecibo, property #24,233, 6th inscription.

3.   **MODIFICATION:** Re-amortized and modified the mortgage of the 5th inscription, whose total amount due as of August 14, 1986 is $325,200.54 with interest at 8.25% interest and due on August 14, 2020, constituted by deed #119, executed in Ciales, Puerto Rico, on August 14, 1986, before José Oscar San Miguel Notary Public, recorded at page 78 overleaf of volume 557 of Arecibo, property #24,233, 8th inscription.

Este documento NO es una póliza de Seguro de Título, por lo cual no debe utilizarse como tal. La responsabilidad de la entidad que preparó este Estudio de Título, está limitada a la cantidad pagada por la preparación de dicho Estudio de Título. Para completa protección deben requerir una póliza de Seguro de Título.

Eagle Title & Other Services, Inc.

PAGE #2
PROPERTY #24,233

ESTUDIOS DE TITULO
SEGUROS DE TITULO

P.O. BOX-1467, TRUJILLO ALTO, P.R. 00977-1467
TELS. (787) 748.1130 / FAX (787) 748-8577 / FAX (787) 748-1143

Este documento NO es una póliza de Seguro de Título, por lo cual no debe utilizarse como tal. La responsabilidad de la entidad que preparó este Estudio de Título, está limitada a la cantidad pagada por la preparación de dicho Estudio de Título. Para completa protección deben requerir una póliza de Seguro de Título.

4. **MODIFICATION:** Re-amortized and modified the mortgage of the 6th inscription, whose total amount due as of August 14, 1986 is $91,689.97 with interest at 8% and due on August 14, 1993, constituted by deed #120, executed in Ciales, Puerto Rico, on August 14, 1986, before José Oscar San Miguel Notary Public, recorded at page 79 of volume 557 of Arecibo, property #24,233, 9th inscription.

5. **MORTGAGE:** Constituted by Jorge Ochoa Bacallao and his wife Nancy Del Risco De Ochoa; and Delfo Ochoa Bacallao and his wife Angelina Villa Visanis, in favor of Central Soya Feed Company Inc., in the original principal amount of $687,000.00, with 7% annual interests, due on presentation, constituted by deed #242, executed in San Juan, Puerto Rico, on November 7, 1987, before Notary Héctor L. Torres Vilá, rectified by deed #428, issued in San Juan, on September 6, 1988 by the same Notary, recorded at page 79 overleaf of volume 557 of Arecibo, property #24,233, 10th inscription.

6. **LAWSUIT ANNOTATION:** Executed in the First Instance Court of United States of América for the District of Puerto Rico, civil case #94-2672-SEC, United States of América, plaintiff, versus Jorge Ochoa Bacallao and his wife Nancy Del Risco De Ochoa; and Delfo Ochoa Bacallao and his wife Angelina Villa Visanis, defendant, in which the guaranteed payment, reduced to $325,200.54 of the mortgage in the 5th inscription is requested, recorded at page 170 overleaf of volume 848 of Arecibo, property number 24,233, October 2, 1997, annotation A.

REVIEWED:

Federal Attachments, Commonwealth of Puerto Rico Tax Liens, Judgments and Daily Log up to May 2, 2018.

*NOTICE: At the time and date this Title Abstract was generated there is a delay on the "Ágora" Electronic System from the Registry Department. Furthermore, the new system "Karibe" in which the historic books are being digitalized presents a delay and many documents do not appear or may not show readable. Hence, we are not responsible for documents that are not found nor errors or omissions by the Registry as well as any setbacks this may incite.*

**EAGLE TITLE AND OTHER SERVICES, INC.**

*Authorized signature*

sm/dm/**F**

I, Elías Díaz Bermúdez, of legal age, single and neighbor of San Juan, Puerto Rico, under solemn oath declare:

1. That my name and personal circumstances are the above mentioned.

2. That on May 2, 2018, I examined the books and files of The Property Registry of Puerto Rico and prepared the attached title study which makes part of this affidavit.

3. That the attached title study correctly represents in all its parts the status of the above described property in The Property Registry of Puerto Rico.

I, the undersigned, hereby swear that the facts herein stated are true.

In Guaynabo, Puerto Rico, this _8_ day of _november_ of 2018.

_____
Elías Díaz Bermúdez

AFFIDAVIT NUMBER 3241.

Sworn and subscribed to before me by Elías Díaz Bermúdez of the aforementioned personal circumstances, whom I personally know.

In Guaynabo, Puerto Rico, this _8_ day of _november_ of 2018.



_____
NOTARY PUBLIC



NUMBER ONE HUNDRED NINETEEN (119)

REAMORTIZATION OF MORTGAGE LOAN
AND MORTGAGE MODIFICATION

In the city of Ciales, Puerto Rico, on August fourteen (14) of nineteen eighty-six (1986).

BEFORE ME

JOSE OSCAR SAN MIGUEL, Attorney at Law and Notary Public, with offices located at 83-4 Calle Muñoz Rivera in Ciales, Puerto Rico, and resident of Vega Baja, Puerto Rico.

APPEAR

THE FIRST PARTY: MR. JORGE OCHOA BACALLAO and MRS. NANCY DEL RISCO DE OCHOA, of legal age, married to each other, property owners and residents of Río Piedras, Puerto Rico, and MR. DELFO OCHOA BACALLAO and ANGELINA VILLAVISANIS DE OCHOA, of legal age, married to each other, property owners and residents of Isla Verde, Puerto Rico, hereinafter referred to as MORTGAGOR.

[Seals]
[Initials]

THE SECOND PARTY: The UNITED STATES OF AMERICA, acting through the FARMERS HOME ADMINISTRATION, represented in this action by MR. CARLOS BONILLA MONTERO, of legal age, married, employed in and resident of Ciales, Puerto Rico, whose capacity is duly accredited at the Property Registry, hereinafter referred to as MORTGAGEE.

I DO ATTEST to personal acquaintance with the appearing parties, as well as to their statements regarding their age, marital status, profession, and residence. They assure me that they have, and in my judgment, they do have, the necessary legal capacity to freely grant this voluntary mortgage:

THEY STATE

FIRST: The parties referred to as Mortgagor are owners, with full control and *pro indiviso,* shared, and equal ownership over the following properties:

A.     "RURAL PROPERTY: Plot of land located in the neighborhood of Garrochales, Arecibo, Puerto Rico, consisting of ONE HUNDRED SIXTY CUERDAS AND SIXTY-SIX HUNDREDTHS OF A CUERDA (160.66). Bordered to the NORTH by plots of land belonging to Nebraska Consolidated Mills Company and State Highway Number Six Hundred Eighty-Two (682); to the SOUTH by plots of land of the people of Puerto Rico; to the EAST by plots of land currently of Aramis Acosta Ríos, Enrique howe and Joaquín Rosa; and to the WEST by plots of land currently of Carmelo Bentacourt, Patricio Maldonado's estate, Claudio Rojas's estate, Pelegrin Terrasa and the people of Puerto Rico.

[Handwritten]
P. 32 rev.
B. 323
Rec. 10th
Farm 10,036

The property described constitutes the remnant of a larger farm which is recorded on page Twenty-Nine (29) and reverse of book Three Hundred Twenty-Three (323) of Arecibo. Farm number Ten Thousand Thirty-Six (10,036). Fourteenth recording, Property Registry, First Section of Arecibo.

B.    "RURAL PROPERTY: Plot of land located in the neighborhood of Garrochales, Arecibo, Puerto Rico, consisting of SIXTY CUERDAS AND FORTY-ONE HUNDREDTHS OF ANOTHER (60.41), equivalent to Twenty-three hectares, seventy-four ares, thirty-four centiares, and eighty-six miliares of land. Bordered to the NORTH by Manuel Santos González and José Cameirón Cintrón; to the SOUTH by the Puerto Rican Land Authority; to the EAST by José Cameirón Cintrón and Ciprián Martínez; and to the WEST by Mariano Car."

[Handwritten]
P. 69 rev.
B. 411
Rec. 7th
Farm 16,288

[Seals]
[Initials]

The described property is recorded on page Sixty-Six (66) of book Four Hundred Eleven (411) of Arecibo. Farm number Sixteen Thousand Two Hundred Eighty-Eight (16,288). Property Registry, First Section of Arecibo.

[Handwritten]
P. 79
B. 557
Rec. 8th
Farm 24,233

C.    "RURAL PROPERTY: Plot of land located in the neighborhood of Garrochales, Arecibo, Puerto Rico, consisting of TEN CUERDAS (10.00), equivalent to three hectares, thirty-nine ares, and forty centiares of flatland and ravines with grass and fruit. Bordered to the NORTH by Mariano Carrión; to the SOUTH by the Puerto Rican Land Authority; and to the EAST and WEST by Manuel de los Santos."

The described property is recorded on page Sixty-Five (65) of book Five Hundred Fifty-Seven (557) of Arecibo. Farm number Twenty-Four Thousand Two Hundred Thirty-Three (24,233). Property Registry, First Section of Arecibo.

SECOND:  That said property(ies) is (are) subject to a mortgage in guaranty of a promissory note in favor of Unites States of America in the principal amount of TWO HUNDRED FORTY-SIX THOUSAND SIX HUNDRED DOLLARS ($246,600.000) with interest at a rate of TWELVE AND ONE QUARTER PERCENT (12 1/4/%) per annum with principal and interest payable according to the installments stipulated therein, pursuant to deed number One Hundred Two (102), granted in Camuy, Puerto Rico, on May twenty-eight (28), nineteen eighty-one (1981), before the notary Francisco J. Arraiza and which is dully recorded with the corresponding Property Registry according to the above information.

THIRD: The MORTGAGOR states that to re-amortize the mortgage loan indicated herein, he did request and obtain MORTGAGEE'S consent, in accordance with the approved rules for the re-amortization of said mortgage debt.

FOURTH: The MORTGAGOR states that he is fully and personally aware of all clauses contained in the mortgage deed and in this act does obligate himself to comply with each and every one of said clauses required by the Farmers Home Administration (FmHA), the MORTGAGEE.

FIFTH: The appearing Carlos Bonilla Montero does state, in his capacity, that as MORGATOR has been accepted to receive the benefits of the Law of Congress titled

"Consolidated Farmers Home Administration Act of 1961," as amended, they have agreed to re-amortize and modify the form of the installments detailed in the aforementioned note and mortgage as follows: the total amount owed as of August fourteen (14) of nineteen eighty-six (1986) is THREE HUNDRED TWENTY-FIVE THOUSAND TWO HUNDRED DOLLARS AND FIFTY-FOUR CENTS (325,200.54) with interest at the rate of twelve and one quarter (12 1/4 %) annum and which shall be paid as follows:

The amount of THREE HUNDRED TWENTY-FIVE THOUSAND TWO HUNDRED DOLLARS AND FIFTY-FOUR CENTS (325,200.54) is re-amortized and modified to be paid at the rate of EIGHT POINT TWENTY-FIVE PERCENT (8.25% annum for THIRTY-FOUR (34) YEARS with an initial installment of TEN THOUSAND TWO HUNDRED NINETY-ONE DOLLARS ($10,291.00) on or before the first of January of nineteen eighty-seven (1987) and TWENTY-EIGHT THOUSAND SEVEN HUNDRED SEVENTY-FOUR DOLLARS ($28,774.00) on or before the first (1st) January of each subsequent year, except the final payment of the total debt herein assumed shall be made on or before August fourteen (14) of two thousand twenty (2020).

[Seals]
[Initials]

SIXTH: The appearing Mr. Carlos Bonilla Montero, in his capacity, has given me, the Notary, the secured note along with the aforementioned deed, which he assures me has not been negotiated or encumbered in any way by its current holder and owner, the United States of America. Once identified by me, the authorizing Notary, having verified that it is the same note, I proceed to place the following annotation on the back of the deed: "The amount of this promissory note and the mortgage guaranty, re-amortized on --August-- -fourteen- (14) of nineteen eighty-six (1986), with a principal balance owed of THREE HUNDRED TWENTY-FIVE THOUSAND TWO HUNDRED DOLLARS AND FIFTY-FOUR CENTS ($325,200.54), with interest at a rate of Twelve and One Quarter percent (12 1/4%) PER ANNUM, which is accruing interest at the rate of EIGHT POINT TWENTY-FIVE PER CENT (8.25%) PER ANNUM and which shall be paid as follows: TEN THOUSAND TWO HUNDRED NINETY-ONE DOLLARS ($10,291.00) on or before the FIRST (1st) of JANUARY of nineteen eighty-seven (1987) and TWENTY-EIGHT THOUSAND SEVEN HUNDRED SEVENTY-FOUR DOLLARS ($28,774.00), on or before each FIRST (1st) of January subsequent except the final payment of the debt herein assumed shall be made on or before August fourteen of 2020, according to deed number One Hundred Nineteen (119) granted in Ciales, Puerto Rico, on this same day and before the notary José Oscar San Miguel. In Ciales, Puerto Rico, on August 14, 1986. SIGNED STAMPED, SEALED AND INITIALED—JOSÉ OSCAR SAN MIGUEL—NOTARY PUBLIC. I DO ATTEST that having placed and signed the above note, I return the original of said note to Carlos Bonilla Montero, in his capacity.

SEVENTH: The previous creditors, pursuant to a sworn Affidavit, have agreed that the Government of the United States of America acting through Farmers Home Administration may add the accumulated interest to the principal balance, increasing the total amount owed and extending the effective term of said debt, if necessary. This transaction shall not change the position of the mortgage priority registered in favor of United States of America.

ACCEPTANCE AND GRANTING

SUCH is the deed that the appearing parties do grant it and I, the Notary, in accordance with the provisions of the law, have advise them and made the pertinent legal warnings for this granting.

HAVING READ the present deed and exercising the right of which I advised them, they find it acceptable, and they do accept it and ratify it and sign it before me and with me, the Notary, and affix their initials to each of the pages of this deed, doing all this before me, the authorizing Notary. To all stated and contained in this public instrument, I DO ATTEST.

[Stamp]

[Seals]
[Initials]

SIGNED: JORGE OCHOA BACALLAO, NANCY DEL RISCO DE OCHOA; DELFO OCHOA BACALLAO, ANGELINA VILLAVISANIS DE OCHOA AND CARLOS BONILLA MONTERO, AS LOCAL SUPERVISOR OF THE CIALES OFFICE OF THE FARMERS HOME ADMINISTRATION.

INITIALS of the parties on each page of the original of this deed.- Signed, Stamped, Sealed and Initialed JOSE OSCAR SAN MIGUEL. The corresponding Internal Revenue and Notary Tax seals are affixed and cancelled.

THIS IS A TRUE AND EXACT copy that matches the original deed found under the indicated number in the protocol of public instruments of this Notary and under my charge, to which I do refer. In witness whereof and for delivery to one of the appearing parties, I do issue this FIRST COPY, which I sign, stamp, seal and initial in CIALES, PUERTO RICO, the same day of its granting.

[Signature]
NOTARY PUBLIC

[Handwritten]
Recorded where indicated by the notes to the margin of the description of each farm.
Arecibo, September 16, 1986.

No Fees.                          [Signature]
                                 Registrar


[Illegible] 10/30/86

EXHIBIT

9

--- ------NUMERO CIENTO DIECINUEVE (119)--------------

-------REAMORTIZACION DE PRESTAMO HIPOTECARIO------

--------------Y MODIFICACION DE HIPOTECA-----------

---En la ciudad de Ciales, Puerto Rico a los cator-

ce (14) días del mes de agosto de mil novecientos--

ochenta y seis (1986).-----------------------------

------------------------ANTE MI----------------------

---JOSE OSCAR SAN MIGUEL, Licenciado en Derecho y--

Notario Publico, con estudio abierto en la Calle---

Muñoz Rivera Número 83-A de Ciales, Puerto Rico y--

con residencia en Vega Baja, Puerto Rico.-----------

--------------------------COMPARECEN-----------------

---DE LA PRIMERA PARTE: DON JORGE OCHOA BACALLAO Y

DOÑA NANCY DEL RISCO DE OCHOA, mayores de edad, ca-

sados entre sí, propietarios y vecinos de Rio Piedras

Puerto Rico y DON DELFO OCHOA BACALLAO Y ANGELINA--

VILLAVISANIS DE OCHOA, mayores de edad, casados en-

tre sí, propietarios y vecinos de Isla Verde , Puerto

Rico, en lo adelante DEUDOR HIPOTECARIO.-----------

---DE LA SEGUNDA PARTE:  ESTADOS UNIDOS DE AMERICA,

actuando a través del Administrador de la ADMINIS--

TRACION DE HOGARES DE AGRICULTORES, representada en

este acto por DON CARLOS BONILLA MONTERO, mayor de-

edad, casado, empleado y vecino de Ciales, Puerto--

Rico, cuyo carácter consta acreditado en el Registro

de la Propiedad, en lo adelante ACREEDOR HIPOTECARIO

---DOY FE de conocer personalmente a los aquí compa-

recientes y por sus dichos de sus edades, estado ci-

vil, profesión y vecindad.  Me aseguran tener, y a--

mi juicio tienen, la capacidad legal necesaria para-

este otorgamiento y en tal virtud libremente:-------

-------------------------EXPONEN---------------------

---PRIMERO: Que el DEUDOR HIPOTECARIO es dueño en--

pleno dominio en común pro indiviso y por partes i--

guales de las siguientes propiedades inmuebles:-----

-2-

---A.  "RUSTICA: Radicada en el Barrio Garrocha--
les de Arecibo, compuesta de CIENTO SESENTA CUER--
DAS Y SESENTA Y SEIS CENTIMOS DE CUERDA (160.66)--
con colindancias por el NORTE, con terrenos perte-
necientes a Nebraska Consolidated Mills Company y--
con la Carretera Estatal Número Seiscientos ochen-
ta y dos (682); por el SUR, con terrenos del pue--.
blo de Puerto Rico; por el ESTE, con terrenos hoy-
de Aramis Acosta Ríos, Enrique howe y Joaquín Rosa
y por el OESTE, con terrenos hoy de Carmelo Betan--
court, Sucesión Patricio Maldonado, Sucesión Clau-
dio Rojas, Pelegrín Terraza y el Pueblo de Puerto-
Rico".------------------------------------------------

---La descrita propiedad constituye el remanente--
de una finca de mayor cabida la cual se encuentra-
inscrita al folio Veintinueve (29)  vuelto del to--
mo Trescientos veintitres (323) de Arecibo, finca-
número Diez mil treinta y seis (10,036), inscripción
décimocuarta, Registro de la Propiedad, Sección---
Primera de Arecibo.----- ----------------------------

---B.  "RUSTICA:  Radicada en el Barrio Garrocha--
les del término municipal de Arecibo, Puerto Rico,
con una cabida de SESENTA CUERDAS CON CUARENTA Y--
UN CENTIMOS DE OTRA (60.41) equivalentes a Veinti-
tres hectáreas, setenta y cuatro áreas, treinta y-
cuatro centiáreas y ochenta y seis miliáreas de---
terreno y en lindes al NORTE, con Manuel Santos---
González y José Camerón Cintrón; al SUR, con la---
Autoridad de Tierras de Puerto Rico; al ESTE, con-
José Camerón Cintrón y Ciprián Martínez y al OESTE
con Mariano Car'.------------------------------------

---La descrita propiedad se encuentra inscrita al-
folio Sesenta y seis (66) del tomo Cuatrocientos--
once (411) de Arecibo, finca número Dieciseis mil-
doscientos ochenta y ocho (16,288), Registro de la
Propiedad, Sección Primera de Arecibo.-------------

---C.  "RUSTICA: Sita en el Barrio Carrochales del
término municipal de Arecibo, compuesta de DIEZ---
CUERDAS (10.00) igual a tres hectáreas, treinta y-
nueve áreas y cuarenta centiáreas de terreno llano
y quebrados a pastos y frutos.  Linda al NORTE,---
con Mariano Carrión; al SUR, con Autoridad de Tie-
rras de Puerto Rico y al ESTE Y OESTE, con Manuel-
de los Santos".-------------------------------------

---La descrita propiedad se encuentra inscrita al-
folio Sesenta y cinco (65) del tomo Quinientos cin-
cuenta y siete (557) de Arecibo, finca Veinticuatro
mil doscientos treinta y tres (24,233), Registro de
la Propiedad, Sección Primera de Arecibo.-----------

-3-

---SEGUNDO:  Que dicha(s) propiedad (es) se encuen-
tra (n) afecta(s) a una hipoteca en garantía de un-
pagaré a favor de Estados Unidos de América por la-
suma principal de DOSCIENTOS CUARENTAYSEIS MIL SEISCIENTOS
DOLARES ($246,600.00) con intereses a razón del----
DOCE Y UN CUARTO POR CIENTO (12 1/4%) anual--------
pagadero principal e intereses en los plazos que en
el mismo se estipulan, según resulta de la escritu-
ra número  Ciento dos (102)-----------------------
otorgada en  Camuy   , Puerto Rico el veintiocho (28)
de m a y o   de mil novecientos ochenta y uno (1981)
ante el notario  Francisco J. Arraíza--------------
y la cual se encuentra debidamente inscrita en el--
Registro de la Propiedad correspondiente en los da-
tos antes indicados.------------------------------
---TERCERO:  Sigue manifestando EL DEUDOR HIPOTECA-
RIO que con el fín de reamortizar la deuda hipote--
caria antes indicada, solicitó y obtuvo el consentí
miento del ACREEDOR HIPOTECARIO conforme al regla--
mento aprobado al efecto para reamortizar la indica
da deuda hipotecaria.-----------------------------
---CUARTO:  Manifiesta el DEUDOR HIPOTECARIO que es
de su propio y personal conocimiento todas las cláú
las contenidas en la escritura de hipoteca y en es-
te acto en forma clara, solemne y terminantemente,-
se obliga a cumplir todas y cada una de dichas----
claúsulas requeridas por la Administración de Hoga-
res de Agricultores (FmHA), el ACREEDOR HIPOTECARIO.
---QUINTO:  Manifiesta el compareciente, Carlos Bo-
nilla Montero, en el carácter que ostenta, que ha--
biendo sido aceptado EL DEUDOR HIPOTECARIO para re-
cibir los beneficios de la ley del Congreso titula-
da "Consolidated Farmers Home Administration Act of
1961", según enmendada, ha convenido en reamortizar



-4-

y.modificar la forma de pago de los plazos consig--
nados en el pagaré y en la hipoteca indicada ante--
riormente en la siguiente forma:  el importe total-
adeudado al catorce  (14)    de  agosto    de mil--
novecientos ochenta y seis  (1986) asciende a la---
suma de TRESCIENTOS VEINTICINCO MIL DOSCIENTOS DO--
LARES CON CINCUENTA Y CUATRO CENTAVOS($325,200.54)-
con intereses a razón del  Doce y un cuarto--------
por ciento (12 1/4%-) anual y la cual habrá de ser-
pagada en la siguiente forma:----------------------
---La cantidad de TRESCIENTOS VEINTICINCO MIL DOS--
CIENTOS DOLARES CON CINCUENTA Y CUATRO CENTAVOS----
-($325,200.54 ) es reamortizada y modificada para pa-
garse al OCHO PUNTO VEINTICINCO POR CIENTO (8.25%) anual-
por  TREINTA Y CUATRO (34)años con un plazo inicial
de DIEZ MIL DOSCIENTOS NOVENTA Y UN DOLARES ($10,291.00)---
en o antes del primero de enero de mil novecientos-
ochenta y siete (1987) y VEINTIOCHO MIL SETECIEN--
TOS SETENTA Y CUATRO DOLARES ($28,774.00)----------
en o antes de cada primero (1ro.) de enero de cada-
año subsiguiente, excepto el pago final del total de
la deuda aquí asumida se hará en o antes del catorce
(14) de agosto del año Dos mil veinte (2020).------

--------------------------------------------------
---SEXTO:  El compareciente, don Carlos Bonilla Mon-
tero, en el carácter que ostenta, me entrega a mí,-
el Notario, el pagaré garantizado con la hipoteca--
antes indicada, quien me asegura no ha sido negocia-
do ni gravado en forma alguna por su actual tenedor-
y poseedor, Estados Unidos de América y una vez iden-
tificado por mí, el Notario Autorizante, cerciorándo-
me que se trata del mismo pagaré, procedo a poner al
dorso del mismo la siguiente nota:  "El importe de--
este pagaré y la hipoteca que lo garantiza, reamor-

-5-

tizado al -catorce (14)- de --agosto-- de mil no-
vecientos ochenta y seis (1986) dió un saldo deu--
dor montante a TRESCIENTOS VEINTICINCO MIL DOSCIEN-
TOS DOLARES CON CINCUENTA Y CUATRO CENTAVOS($325,200.54)
con intereses a razón del Doce y un cuarto---------
por ciento (12 1/4% ) la cual devengará intereses--
a razón del OCHO PUNTO VEINTICINCO POR CIENTO(8.25%)
ANUAL y la cual habrá de ser pagada en la siguiente
forma: DIEZ MIL DOSCIENTOS NOVENTA Y UN------------
DOLARES ($10,291.00)en o antes del PRIMERO (1ro.) de
ENERO de mil novecientos ochenta y siete (1987) y--
VEINTIOCHO MIL SETECIENTOS SETENTA Y CUATRO DOLARES($28,774.00)
en o antes del día PRIMERO (1ro.) de cada ENERO sub-
siguiente, excepto el pago final del total de la deu
da aquí asumida se hará en o antes del día 14 de agos-
to de 2020, según la escritura Ciento diecinueve(119)
otorgada en Ciales, Puerto Rico en esta misma fecha
ante el notario José Oscar San Miguel.  En Ciales,-
Puerto Rico a 14 de agosto de 1986.  FIRMADO, SELLA
DO, RUBRICADO- JOSE OSCAR SAN MIGUEL - NOTARIO PUBLI
CO.  DOY FE de que una vez puesta y firmada la nota antes---
transcrita, devuelvo el original de dicho pagaré al compa-
reciente Carlos Bonilla Montero en el carácter que ostenta.
---SEPTIMO:  Los acreedores posteriores, mediante--
Declaración Jurada han consentido en que el Gobierno
de los Estados Unidos actuando a través de la Admi-
nistración de Hogares de Agricultores le sume el in-
terés acumulado al principal aumentando la cantidad
total adeudada y a extender el término de vencimien
to de dicha deuda si fuere necesario. Esta transacción--
no cambiará la posición de prioridad hipotecaria re
gistrada a favor de los Estados Unidos de América.-
------------ACEPTACION Y OTORGAMIENTO------------
---TAL es la escritura que los comparecientes otor-





-6-

gan y yo, el Notario, en cumplimiento a lo dispuesto
en la ley les hice las advertencias legales pertinen
tes a este otorgamiento.----------------------------

---LEIDA que fue la presente escritura en uso del--
derecho que les advertí tenían, la encuentran confor
me, la aceptan y en ella se ratifican y la firman an
te mí y conmigo, el Notario, estampando sus inicia--
les en todos sus folios y todo ello por ante mí, el-
Notario Autorizante, que de todo lo que se dice y----
consigna en este Instrumento Público, DOY FE.-------

---FIRMADO:  JORGE OCHOA BACALLAO, NANCY DEL RISCO
DE OCHOA; DELFO OCHOA BACALLAO, ANGELINA VILLAVISA-
NIS DE OCHOA Y CARLOS BONILLA MONTERO, COMO SUPER-
VISOR LOCAU DE'LA OFICINA LOCAL DE CIALES DE LA
ADMINISTRACION DE HOGARES DE AGRICULTORES.--------

--- INICIALES de las partes en todos los folios del original----
de esta escritura.- Firmado, rubricado, sellado y rubricado -------
JOSE OSCAR SAN MIGUEL.Aparecen cancelados los correspondien
tes sellos de Rentas Internas y el Impuesto Notarial.----------
--- CONCUERDA bien y fielmente con la escritura matriz que
bajo el número indicado obra en el protocolo de instrumentos -
públicos de esta Notaría a mi cargo, a que me remito---------
En fe de ello y para entregar a una de las partes, expido la----
presente PRIMERA  COPIA que firmo, sello y rubrico en ---
CIALES,  PUERTO RICO , el mismo dia de su otorgamiento-----

Notario Público

 

Inscrito donde indica la nota al margen de la descripción de cada finca. Arecibo a 16 de septiembre de 1986.

Sin otra

*[signature]*
Registrador

*[signature]* 10/30/86

EXHIBIT
*10*

## UNITED STATES DEPARTMENT OF AGRICULTURE
## FARM SERVICE AGENCY
654 Muñoz Rivera Ave., Suite 829,
San Juan, PR 00918

Borrower: **OCHOA BACALLAO, JORGE**          Agency Claim No.: **63-029-0471**

### *Certification of Indebtedness*

I, Richard Cardona-Diaz, of legal age, married, and resident of Fredericksburg, Virginia, in my official capacity as Senior Loan Officer of the Farm Service Agency (FSA), United States Department of Agriculture (USDA), state that:

- The borrower's indebtedness is as shown in the following Statement of Account, according to information obtained from all available records at the USDA - Farm Service Agency:

### *As of 04/10/2018*

| | |
|---|---|
| Loan Number | **29-02** |
| Type of Loan | **Economic Emergency (EE)** |
| Date of Loan | **03/11/1981** |
| Original Loan Amount | **$246,600.00** |
| Interest Rate | **8.25%** |
| Daily Interest Accrual | **$73.5042** |
| Principal Balance | **$325,200.54** |
| Unpaid Interest | **$457,295.54** |
| Miscellaneous Charges: | **$0.00** |
| Amount Delinquent | **$345,954.44** |
| Total Balance | **$782,496.08** |
| Last Voluntary Payment Date | **08/06/2004** |

- The information in the above Statement of Account in affiant's opinion is a true and correct statement of the aforementioned account and to this date remains due and unpaid.

- The defendant is neither a minor, nor incompetent, nor in the military service of the United States of America.

- The above information is true and correct to the best of my knowledge and belief, and is made under penalty of perjury as allowed by 28 U.S.C. 1746.


Richard Cardona-Diaz
Senior Loan Officer
04/10/2018

**Total debt $782,496.08 as of 04/10/2018**

Department of Defense Manpower Data Center



Results as of : Nov-01-2018 03:37:52 PM

SCRA 4.9



### Status Report
### Pursuant to Servicemembers Civil Relief Act

| | |
|---|---|
| SSN: | XXX-XX-0471 |
| Birth Date: | |
| Last Name: | OCHOA BACALLAO |
| First Name: | JORGE |
| Middle Name: | |
| Status As Of: | Nov-01-2018 |
| Certificate ID: | 4H8R7335F3NG639 |

| On Active Duty On Active Duty Status Date | | | |
|---|---|---|---|
| Active Duty Start Date | Active Duty End Date | Status | Service Component |
| NA | NA | No | NA |
| This response reflects the individuals' active duty status based on the Active Duty Status Date | | | |

| Left Active Duty Within 367 Days of Active Duty Status Date | | | |
|---|---|---|---|
| Active Duty Start Date | Active Duty End Date | Status | Service Component |
| NA | NA | No | NA |
| This response reflects where the individual left active duty status within 367 days preceding the Active Duty Status Date | | | |

| The Member or His/Her Unit Was Notified of a Future Call-Up to Active Duty on Active Duty Status Date | | | |
|---|---|---|---|
| Order Notification Start Date | Order Notification End Date | Status | Service Component |
| NA | NA | No | NA |
| This response reflects whether the individual or his/her unit has received early notification to report for active duty | | | |

Upon searching the data banks of the Department of Defense Manpower Data Center, based on the information that you provided, the above is the status of the individual on the active duty status date as to all branches of the Uniformed Services (Army, Navy, Marine Corps, Air Force, NOAA, Public Health, and Coast Guard). This status includes information on a Servicemember or his/her unit receiving notification of future orders to report for Active Duty.

Michael V. Sorrento, Director
Department of Defense - Manpower Data Center
400 Gigling Rd.
Seaside, CA  93955

The Defense Manpower Data Center (DMDC) is an organization of the Department of Defense (DoD) that maintains the Defense Enrollment and Eligibility Reporting System (DEERS) database which is the official source of data on eligibility for military medical care and other eligibility systems.

The DoD strongly supports the enforcement of the Servicemembers Civil Relief Act (50 USC App. ? 501 et seq, as amended) (SCRA) (formerly known as the Soldiers' and Sailors' Civil Relief Act of 1940). DMDC has issued hundreds of thousands of "does not possess any information indicating that the individual is currently on active duty" responses, and has experienced only a small error rate. In the event the individual referenced above, or any family member, friend, or representative asserts in any manner that the individual was on active duty for the active duty status date, or is otherwise entitled to the protections of the SCRA, you are strongly encouraged to obtain further verification of the person's status by contacting that person's Service. Service contact information can be found on the SCRA website's FAQ page (Q33) via this URL: https://scra.dmdc.osd.mil/faq.xhtml#Q33. If you have evidence the person was on active duty for the active duty status date and you fail to obtain this additional Service verification, punitive provisions of the SCRA may be invoked against you. See 50 USC App. ? 521(c).

This response reflects the following information: (1) The individual's Active Duty status on the Active Duty Status Date (2) Whether the individual left Active Duty status within 367 days preceding the Active Duty Status Date (3) Whether the individual or his/her unit received early notification to report for active duty on the Active Duty Status Date.

## More information on "Active Duty Status"

Active duty status as reported in this certificate is defined in accordance with 10 USC ? 101(d) (1). Prior to 2010 only some of the active duty periods less than 30 consecutive days in length were available. In the case of a member of the National Guard, this includes service under a call to active service authorized by the President or the Secretary of Defense under 32 USC ? 502(f) for purposes of responding to a national emergency declared by the President and supported by Federal funds. All Active Guard Reserve (AGR) members must be assigned against an authorized mobilization position in the unit they support. This includes Navy Training and Administration of the Reserves (TARs), Marine Corps Active Reserve (ARs) and Coast Guard Reserve Program Administrator (RPAs). Active Duty status also applies to a Uniformed Service member who is an active duty commissioned officer of the U.S. Public Health Service or the National Oceanic and Atmospheric Administration (NOAA Commissioned Corps).

## Coverage Under the SCRA is Broader in Some Cases

Coverage under the SCRA is broader in some cases and includes some categories of persons on active duty for purposes of the SCRA who would not be reported as on Active Duty under this certificate. SCRA protections are for Title 10 and Title 14 active duty records for all the Uniformed Services periods. Title 32 periods of Active Duty are not covered by SCRA, as defined in accordance with 10 USC ? 101(d)(1).

Many times orders are amended to extend the period of active duty, which would extend SCRA protections. Persons seeking to rely on this website certification should check to make sure the orders on which SCRA protections are based have not been amended to extend the inclusive dates of service. Furthermore, some protections of the SCRA may extend to persons who have received orders to report for active duty or to be inducted, but who have not actually begun active duty or actually reported for induction. The Last Date on Active Duty entry is important because a number of protections of the SCRA extend beyond the last dates of active duty.

Those who could rely on this certificate are urged to seek qualified legal counsel to ensure that all rights guaranteed to Service members under the SCRA are protected

WARNING: This certificate was provided based on a last name, SSN/date of birth, and active duty status date provided by the requester. Providing erroneous information will cause an erroneous certificate to be provided.

DPR MODIFIED AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the

District of Puerto Rico

| | |
|---|---|
| United States Department of Agriculture (Farm Service Agency) | ) ) ) ) |
| *Plaintiff(s)* | ) |
| v. | ) ) |
| | ) |
| JORGE OCHOA BACALLAO, NANCY DEL RISCO DE OCHOA. et als. | ) ) |
| *Defendant(s)* | ) |

Civil Action No.

Foreclosure of Mortgage

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

JORGE OCHOA BACALLAO, by himself and as part of the conj. part. comp. with Nancy del Risco

Urb. San Francisco, 112 Ave. de Diego, San Juan, P.R. 00927; PR 176, Km. 10, Cupey, P.R. 00926

Urb. San Francisco, 112 Ave. de Diego, San Juan, P.R. 00927; PR 176, Km. 10, Cupey, P.R. 00926

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — or 90 days in a Social Security Action — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

Juan C. Fortuño Fas

PO Box 9300 San Juan, PR 00908

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*FRANCES RIOS DE MORAN, ESQ.*
*CLERK OF COURT*

Date: _____                    _____

*Signature of Clerk or Deputy Clerk*

DPR MODIFIED AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)*

_____ on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify):*

_____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

_____

DPR MODIFIED AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

District of Puerto Rico

|  |  |  |
|---|---|---|
| United States Department of Agriculture (Farm Service Agency) | ) ) ) ) | |
| *Plaintiff(s)* | ) | |
| v. | ) ) | Civil Action No. |
| | ) | **Foreclosure of Mortgage** |
| JORGE OCHOA BACALLAO, NANCY DEL RISCO DE OCHOA, et als. | ) ) | |
| *Defendant(s)* | ) | |

### SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

NANCY DEL RISCO DE OCHOA A/K/A NANCY DEL RISCO, by herself and as part of the conj. p

Urb. San Francisco, 112 Ave. de Diego, San Juan, P.R. 00927; PR 176, Km. 10, Cupey, P.R. 00926

Urb. San Francisco, 112 Ave. de Diego, San Juan, P.R. 00927; PR 176, Km. 10, Cupey, P.R. 00926

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — or 90 days in a Social Security Action — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

Juan C. Fortuño Fas

PO Box 9300 San Juan, PR 00908

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*FRANCES RIOS DE MORAN, ESQ.*
*CLERK OF COURT*

Date: _____     _____
                                                                    *Signature of Clerk or Deputy Clerk*

DPR MODIFIED AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

**PROOF OF SERVICE**
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify):* _____

_____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

_____

DPR MODIFIED AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

District of Puerto Rico

| | | |
|---|---|---|
| United States Department of Agriculture (Farm Service Agency) | ) ) ) ) ) | |
| *Plaintiff(s)* | ) | |
| v. | ) ) | Civil Action No. |
| | ) | Foreclosure of Mortgage |
| JORGE OCHOA BACALLAO, NANCY DEL RISCO DE OCHOA, et als. | ) ) ) | |
| *Defendant(s)* | ) | |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

Conjugal Partnership Ochoa-Del Risco

Urb. San Francisco, 112 Ave. de Diego, San Juan, P.R. 00927; PR 176, Km. 10, Cupey, P.R. 00926

Urb. San Francisco, 112 Ave. de Diego, San Juan, P.R. 00927; PR 176, Km. 10, Cupey, P.R. 00926

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — or 90 days in a Social Security Action — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

Juan C. Fortuño Fas

PO Box 9300 San Juan, PR 00908

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*FRANCES RIOS DE MORAN, ESQ.*
*CLERK OF COURT*

Date: _____          _____

*Signature of Clerk or Deputy Clerk*

DPR MODIFIED AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,
on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is
designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify):*
_____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

_____

DPR MODIFIED AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

District of Puerto Rico

| | | |
|---|---|---|
| United States Department of Agriculture (Farm Service Agency) | ) ) ) ) | |
| _Plaintiff(s)_ | ) | |
| v. | ) | Civil Action No. |
| | ) | |
| | ) | Foreclosure of Mortgage |
| JORGE OCHOA BACALLAO, NANCY DEL RISCO DE OCHOA, et als. | ) ) | |
| _Defendant(s)_ | ) | |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

DELFO OCHOA BACALLAO, by himself and as part of the conj. part. comp. with Angelina V.

Urb. San Francisco, 112 Ave. de Diego, San Juan, P.R. 00927; PR 176, Km. 10, Cupey, P.R. 00926

Urb. San Francisco, 112 Ave. de Diego, San Juan, P.R. 00927; PR 176, Km. 10, Cupey, P.R. 00926

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — or 90 days in a Social Security Action — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

Juan C. Fortuño Fas

PO Box 9300 San Juan, PR 00908

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*FRANCES RIOS DE MORAN, ESQ.*
*CLERK OF COURT*

Date: _____      _____

*Signature of Clerk or Deputy Clerk*

DPR MODIFIED AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)*

_____ on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify):* _____

_____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

_____

DPR MODIFIED AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

District of Puerto Rico

<table>
<tr><td>United States Department of Agriculture (Farm Service Agency)</td><td>)<br>)<br>)<br>)<br>)</td><td></td></tr>
<tr><td><i>Plaintiff(s)</i></td><td>)</td><td></td></tr>
<tr><td>v.</td><td>)<br>)</td><td>Civil Action No.</td></tr>
<tr><td></td><td>)</td><td>Foreclosure of Mortgage</td></tr>
<tr><td>JORGE OCHOA BACALLAO, NANCY DEL RISCO DE OCHOA, et als.</td><td>)<br>)<br>)</td><td></td></tr>
<tr><td><i>Defendant(s)</i></td><td>)</td><td></td></tr>
</table>

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

ANGELINA VILLAVISANIS DE OCHOA, by herself and as part of the conj. part. comp. with Delfo O.

Urb. San Francisco, 112 Ave. de Diego, San Juan, P.R. 00927; PR 176, Km. 10, Cupey, P.R. 00926

Urb. San Francisco, 112 Ave. de Diego, San Juan, P.R. 00927; PR 176, Km. 10, Cupey, P.R. 00926

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — or 90 days in a Social Security Action — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

Juan C. Fortuño Fas

PO Box 9300 San Juan, PR 00908

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*FRANCES RIOS DE MORAN, ESQ.*
*CLERK OF COURT*

Date: _____                    _____

*Signature of Clerk or Deputy Clerk*

DPR MODIFIED AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify):*

_____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

_____

DPR MODIFIED AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the

District of Puerto Rico

|  |  |  |
|---|---|---|
| United States Department of Agriculture (Farm Service Agency) | ) ) ) ) ) | |
| *Plaintiff(s)* | ) | |
| v. | ) | Civil Action No. |
| | ) | |
| | ) | Foreclosure of Mortgage |
| JORGE OCHOA BACALLAO, NANCY DEL RISCO DE OCHOA, et als. | ) ) ) | |
| *Defendant(s)* | ) | |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

Conjugal Partnership Ochoa-Villavisanis

Urb. San Francisco, 112 Ave. de Diego, San Juan, P.R. 00927; PR 176, Km. 10, Cupey, P.R. 00926

Urb. San Francisco, 112 Ave. de Diego, San Juan, P.R. 00927; PR 176, Km. 10, Cupey, P.R. 00926

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — or 90 days in a Social Security Action — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

Juan C. Fortuño Fas

PO Box 9300 San Juan, PR 00908

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*FRANCES RIOS DE MORAN, ESQ.*
*CLERK OF COURT*

Date: _____     _____
*Signature of Clerk or Deputy Clerk*

DPR MODIFIED AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,
on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is
designated by law to accept service of process on behalf of *(name of organization)*
_____ on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify):*
_____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

_____

# UNITED STATES DISTRICT COURT

## DISTRICT OF PUERTO RICO

## CATEGORY SHEET

**You must accompany your complaint with this Category Sheet, and the Civil Cover Sheet (JS-44).**

Attorney Name (Last, First, MI):     Fortuño, Juan Carlos

USDC-PR Bar Number:     211913

Email Address:     jcfortuno@fortuno-law.com

1.  Title (caption) of the Case (provide only the names of the <u>first</u> party on <u>each</u> side):

    Plaintiff:     United States Department of Agriculture-Farm Service Agency

    Defendant:     JORGE OCHOA BACALLAO, NANCY DEL RISCO DE OCHOA, et als.

2.  Indicate the category to which this case belongs:

    ☒ Ordinary Civil Case

    ☐ Social Security

    ☐ Banking

    ☐ Injunction

3.  Indicate the title and number of related cases (if any).

    N/A

4.  Has a prior action between the same parties and based on the same claim ever been filed before this Court?

    ☐ Yes
    ☒ No

5.  Is this case required to be heard and determined by a district court of three judges pursuant to 28 U.S.C. § 2284?

    ☐ Yes
    ☒ No

6.  Does this case question the constitutionality of a state statute?  (See, Fed.R.Civ. P. 24)

    ☐ Yes
    ☒ No

Date Submitted:

rev. Dec. 2009

Print Form     Reset Form

JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
United States Department of Agriculture (Farm Service Agency)

## DEFENDANTS
JORGE OCHOA BACALLAO, NANCY DEL RISCO DE OCHOA A/K/A NANCY DEL RISCO, and their conjugal partnership; DELFO OCHOA BACALLAO, ANGELINA VILLAVISANIS DE OCHOA, et als.

(b) County of Residence of First Listed Plaintiff
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Arecibo
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) Attorneys *(Firm Name, Address, and Telephone Number)*
Fortuño & Fortuño Fas, CSP
Juan Carlos Fortuño Fas
PO Box 9300, San Juan, PR 00908  ; (787)751-5290

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☒ 1  U.S. Government Plaintiff
☐ 2  U.S. Government Defendant
☐ 3  Federal Question *(U.S. Government Not a Party)*
☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | | ☐ 895 Freedom of Information Act |
| ☒ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from Another District *(specify)*
☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Consolidated Farm & Development Act, 7 USC 1921, et seq. and 28 USC 1345
Brief description of cause:
Foreclosure of Mortgage

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $
782,496.08

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE                     DOCKET NUMBER

DATE 1-9-2018
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #          AMOUNT          APPLYING IFP          JUDGE          MAG. JUDGE